FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
1:32 pm, Jul 26, 2023
JEFFREY P. COLWELL, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.

ROBERT LEWANDOWSKI, Plaintiff

v.

**Jury Trial requested:**
(please check one)
_X_ Yes ___ No

THE CITY OF LONGMONT, a Colorado municipality;

OFFICER STEPHEN DESMOND, in his individual and official capacity;

OFFICER ALAN BALDIVIA, in his individual and official capacity;

Defendant(s).

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

COMPLAINT

NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

1

- **PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

(Name and complete mailing address)
Robert Lewandowski
5304 Pony Chase
Austin, TX 78727

(Telephone number and e-mail address)
512-689-8822
DefendingCivilRights@gmail.com

B.   **DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:   The City of Longmont,
(Name and complete mailing address)
City of Longmont
225 Kimbark St
Longmont, CO 80501
(Telephone number and e-mail address if known)
303-776-6050

Defendant 2:   Officer Stephen Desmond
(Name and complete mailing address)
Stephen Desmond
350 Kimbark St
Longmont, CO 80501
(Telephone number and e-mail address if known)
 303-774-4590

Defendant 3:   Officer Alan Baldivia
(Name and complete mailing address)
Alan Baldivia
350 Kimbark St

2

                Longmont, CO 80501
                (Telephone number and e-mail address if known)


**C.    JURISDICTION**

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

__X__    Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

        List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

42 U.S.C. § 1983 – Fourth and Fourteenth Amendment - Violation of due process

42 U.S.C. § 1983 – Fifth and Fourteenth Amendment - Violation of innocent until proven guilty

42 U.S.C. § 1983 – Fifth and Fourteenth Amendment - Violation Equal protections, due process



____    Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

        Plaintiff is a citizen of the State of _____.


        If Defendant 1 is an individual, Defendant 1 is a citizen of _____.


        If Defendant 1 is a corporation,

        Defendant 1 is incorporated under the laws of _____ (name of state or foreign nation).

        Defendant 1 has its principal place of business in _____ (name of state or foreign nation).

        (*If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.*)

3

**D.    STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE:

Defendeant Desmond obtained a warrant for the arrest of Plaintiff on February 4, 2019.

Defendant Desmond is a Master Police Officer and with expertise in financial crimes.

Defendant Desmond made many many statements in the arrest affidavit that were false.

Defendant Desmond stated Plaintiff stole stock from his mother, Emily Cebo.

Defendant Desmond was told no stock stolen on April 4, 2018 ten months before. Defendant Desmond had not one stock account statement to show were stock had been stolen.

Defendant Desmond stated Plaintiff changed his mother's will to make Plaintiff sole beneficiary.

Defendant Desmond was told the will was not changed on April 4, 2018 ten months before.

Additional paper is attached, D. STATEMENT OF CLAIMS.

**E.    REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

4

Plaintiff respectfully requests that this Court enter judgment in their favor against each of the Defendants, and award Plaintiff all relief allowed by law, including but not limited to the following:

a. Any and all appropriate relief at law and in equity;
b. Declaratory relief and other appropriate equitable relief;
c. Economic losses on all claims as allowed by law;
d. Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, loss of companionship and association with family members, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;
e. Punitive damages on all claims allowed by law in an amount to be determined at trial;
f. Attorney's fees and costs associated with this action, including expert witness fees, on all claims allowed by law;
g. Pre- and post-judgment interest at the appropriate lawful rate; and
h. Any further relief that this Court deems just and proper, and any other relief as allowed by law.

F. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the Plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*Robert Lewandowski*

July 25, 2023
(Revised February 2022)

# D. STATEMENT OF CLAIMS

CLAIM ONE CONTINUED

Defendant Desmond had no copy of a will showing Plaintiff was sole beneficiary.

Defendant Desmond stated money in the Capital One accounts was Emily Cebo's when in fact it was actually Plaintiff's money in the accounts.

Defendant Desmond never looked at the origination of the money in Capital One bank account to determine who's money it was.  The money in the Capital One account titled in the Plaintiff's name was Plaintiff's and money was in the account for many years prior Defendant Desmond's accusations.

Defendant Desmond created some convoluted scheme of account transfers that did not exist.  Defendant Desmond stated money went from Wells Fargo to a Joint Capital One Account then in to Plaintiff's Capital One account and then into a Hudson Valley Account.

At no time did any money go into a joint account at Capital One because there were no Capital One joint accounts.  Money also never went from Emily's Capital One to Plaintifft's Capital One account because there were no transaction going from Emily's Capital One account to the Plaintiff's Capital One account.  Defendant Desmond, being a financial crimes expert shoould properly understand account ownership and transactions, but in Plaintiff's case he fabricated these false scenarios.

Defendant Desmond stated Plaintiff had a large aggressive dog, and was aggressive to his mother.

Plaintiff's dog was in fact a 6 pound gentle maltese.

Defendant Desmond stated Plaintiff transferred money from his mother's bank account to his own bank account via Wells Fargo bill pays.

This is impossible to do because Wells Fargo Bill Pays are physical checks sent out by Wells Fargo and cannot be transfers as Defendant Desmond states.  Defendant Desmond states this claim, but has no evidence to support this.

6

Defendant Desmond stated Plaintiff "made himself" Power of Attorney for Emily Cebo.

Defendant Desmond does not show how Plaintiff "made himself" Power of Attorney. Another made up fact by Defendant Desmond. It contradicts the evidence of Emily Cebo granting POA to Plaintiff.

Defendant Desmond stated that the Plaintiff opened up faudulent accounts at Capital One.

The accounts opened by the Plaintiff were valid accounts opened with a valid Power of Attorney. Defendant Desmond makes many statements that are not true.

Defendant Desmond stated Emily Cebo does not have a account at the Hudson Valley Credit Union.

Emily Cebo does in fact have accounts at the Hudson Valley Credit Union.

Defendant Desmond never interviewed Plaintiff as is usually done in criminal cases.

Defendant Desmond failed to investigate anything and failed to show corroberating evidence.

Defendant Desmond perjured hiself in order to get the arrest affidavits and production of records affidavits approved by the court.

Defendant Desmond used the court to subject the Plaintiff to criminal prosecution and a criminal trial.

There are many many more statements by Defendant Desmond that are in fact false. It is too numerous to include in this complaint.

The criminal trial would not have gone forward if the Defendant Desmond did not perjure himself to make Plaintiff look like crimes were taking place. The Defendant Desmond failed to do his job by investigating the allegations, acknowledge the exculpatory evidence, perjuring himself and making many many mistakes on understanding financial documents in which Defenfant Desmond has expertise. The Defendant Desmond was not intrerested in getting to the truth, he was just interested in convicting the Plaintiff and did do anything he could to get it accomplished.

The City of Longmont is a municipality and is responsible for supervision, training, official policies, customs, and actual practices of its agents, the City of Logmont Police Department.

By basing the charge and prosecution of the crime on this false testimony, the City of Longmont & Defendant Desmond violated Mr. Lewandowski's rights to due process secured by the Fourth and Fourteenth Amendments to the United States Constitution.

7

CLAIM TWO

Defendant Desmond had exculpatory evidence in his posession, but ignored the exculpatory evidence.

Defendant Desmond was told by Irene Kantrowitz on April 4, 2018 that no stock was stolen from Emily Cebo.

Ten (10) months later Defendant Desmond was stating Plaintiff stole stock from Emily Ceob in the arrest affidavit.

Defendant Desmond was told by Irene Kantrowitz on April 4, 2018 that the will was not changed to make Plaintiff sole benificiary.

Ten (10) months later Defendant Desmond was stating Plaintiff changed the will making Plaintiff sole benificiary.

Plaintiff had a valid Power of Attorney as was determined by Defendant Desmond prior to the arrest affidavit and ignored all the authority it gave to the Plaintiff to do what he was doing legally.

The City of Longmont is a municipality and is responsible for supervision, training, official policies, customs, and actual practices of its agents, the City of Logmont Police Department.

By basing the charge and prosecution of the crime on this false testimony, the City of Longmont & Defendant Desmond violated Mr. Lewandowski's rights to due process secured by the Fourth and Fourteenth Amendments to the United States Constitution.

The actions of Defendant Desmond and the City of Longmont, were undertaken intentionally, maliciously, callously, willfully, wantonly, and/or in reckless disregard of Mr. Lewandowski's protected rights


CLAIM THREE

Defendant Desmond was responsible for investigating the allegation and providing corroberating evidence.   Defendant Desmond's investigation did not provide any evidence of a crime.

Defendant Desmond did not investigate the Wells Fargo bill pays.  If Defendant Desmond had, he would have found out that the Wells Fargo Bill Pays were physical checks and cannot be account transfers as he stated.

You cannot trust anything the Defendant Desmond states because he doesn't know how a simple Wells Fargo bill pay works.  Defendant Desmond  is a financial crimes expert and it should be something he is familiar with or can easily understand by investigating it.  The Defendant

8

Desmond did not investigate it and did not know how the simple Wells Fargo bill pays work.

The Defendant Desmond did not have a single example of a transfer of money via the Wells Fargo Bill Pays!

It would be very easy to prove a money transfer from Wells Fargo Bill Pay to another account if it was true by showing an example of the money transfer coming out of one account and going into another account via transfer.  Defendant Desmond did not show one example of a Wells Fargo Bill Pay Transfer.  There are none, since Wells Fargo Bill Pays are physical checks and not transfers as Defendant Desmond stated.

The Defendant Desmond did not have a single copy of a Wells Fargo bill pay check either.  All of the Wells Fargo Bill Pays to the Plaintiff were physical checks deposited in various bank accounts.

The Wells Fargo Bill Pays checks all had memo fields filled out to tell you what the bill pays were for.

The Defendant Desmond did not have any listing of the bills the Plaintiff was paying for his mother, Emily.  If the Deffendant Desmond did not know what bills were being paid, how can the Defendant Desmond determine if the Plaintiff was spending it on Plaintiff's mother or himself?  Defendant Desmond could not!

The Defendant Desmond did not investigate the Capital One bank accounts.  If the Defendant Desmond had, he would have seen there were absolutely no joint accounts, contrary to what Defendant Desmond stated.

The Defendant Desmond had copies of the Capital One account cards in his evidence and should have easily verified that the Capital One accounts were all individual accounts and not made up falsehoods of joint accounts.

Defendant Desmond stated Plaintiff's Capital One accounts xx1994 and xx8234 were Plaintiff's Mother's money!

If Defendant Desmond investigated the origination of  the Capital One accounts, he would have seen it was Plaintiff's money in the particular Capital One accounts years prior to Defendant Desmond's allegations.

If Defendant Desmond investigated the large aggressive dog Defendant Desmond stated Plaintiff had, he would have seen it was Plaintiff's six pound gentle Maltese.

The Defendant Desmond has a duty to investigate allegations as is done in all other criminal cases, but in Plaintiff's case, Defendant Desmond did not do that.  The Defendant Desmond just stated allegation, make up facts and did not get corroberating evidence.  What is alarming is the Defendant Desmond is a financial crimes expert and cannot properly understand financial

9

documents or what a simple Wells Fargo bill pay is.

The City of Longmont is a municipality and is responsible for supervision, training, official policies, customs, and actual practices of its agents, the City of Logmont Police Department.

By basing the charge and prosecution of the crime on this false testimony, the City of Longmont & Defendant Desmond violated Mr. Lewandowski's rights to due process secured by the Fourth and Fourteenth Amendments to the United States Constitution.

The actions of Defendant Desmond and the City of Longmont, were undertaken intentionally, maliciously, callously, willfully, wantonly, and/or in reckless disregard of Mr. Lewandowski's protected rights

CLAIM FOUR

Defendant Desmond obained many affidavits for Production of Records ("POR") in Plaintiff's case and in each affidavit Defendant Desmond stated Plaintiff took $17803.71 from Emily's Wells Fargo Account and used for his benefit.

Defendant Desmond did not remain impartial in his production of records Affidavits. Defendant Desmond could not get a product of records affidavit approved by the court if he did not prejudice the situation with false facts.

Plaintiff was aquitted of all charges in the criminal trial.

The City of Longmont is a municipality and is responsible for supervision, training, official policies, customs, and actual practices of its agents, the City of Logmont Police Department.

Defendant Desmond violated Plaintiff right to be presumed innocent until proven guilty under the U.S.C. 5th and 14th Amendments.

By offering false testimony by Defendant Desmond, the City of Longmont and Defendant Desmond violated Mr. Lewandowski's right to due process secured by the Fourth and Fourteenth Amendments to the United States Constitution.

The actions of Defendant Desmond and the City of Longmont, were undertaken intentionally, maliciously, callously, willfully, wantonly, and/or in reckless disregard of Mr. Lewandowski's protected rights

CLAIM FIVE

Plaintiff contacted the Longmont Police department to file a criminal complaint on August 25, 2021 regarding Irene Kantrowitz lying to the Longmont Police in this investigation. On August 26, 2021 Defendant Baldivia called the Plaintiff and stated that the complaint will not be investigated because lying to the police is a civil matter. Plaintiff attempted to explain to

Defendant Baldivia that lying to the police is a crime, however Defendant Baldivia was attiment that it was a civil matter and it would not be pursued.

Colorado C.R.S. § 18-8-111 specificaly addresses the crime of false reporting to authorities.

Defendant Baldivia is a Master Police Officer and should be knowledgeable about Colorado law and specifically § 18-8-111, but in this situation it was a nefarious response to prevent the investigation from happening.

Plaintiff opened a complaint with the Longmont Professional Standards Unit ("PSU") against Defendant Baldivia, but the Longmont PSU just ignored the complaint.

The City of Longmont is a municipality and is responsible for supervision, training, official policies, customs, and actual practices of its agents, the City of Logmont Police Department.

Defendant Baldivia and the City of Longmont violated Plaintiff's civil rights to due process and equal protections under the law secured by U.S.C. Fifth Amendment and Fourteenth Amendment.

The actions of Defendant Baldivia and the City of Longmont, were undertaken intentionally, maliciously, callously, willfully, wantonly, and/or in reckless disregard of Mr. Lewandowski's protected rights