IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-CV-01897-PAB-NRN

Robert Lewandowski,
    Plaintiffs.

v.

The City of Longmont, a Colorado municipality;
Officer Stephen Desmond, in his official and individual capacity; and
    Defendants.

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (ECF 25) PURSUANT TO FED. R. CIV. P. 12(b)(6)[1]**

Defendants, The City of Longmont, and Officer Stephen Desmond, by and through their undersigned counsel, Hall & Evans, LLC, submit the following as their Motion to Dismiss Plaintiff's Amended Complaint (ECF 25), pursuant to Fed. R. Civ. P. 12(b)(6):

**CERTIFICATE OF CONFERRAL**

Counsel for the Defendants conferred with pro se Plaintiff regarding the relief requested in this Motion. Pro se Plaintiff indicated he objects to any such relief. Therefore, the Motion is opposed.

---

[1] The Defendants are aware of the Court's Practice Standards with respect to Motions to Dismiss, and the necessity of listing the elements not met by Plaintiff's Complaint. The Defendants have endeavored to comply with the pleading standard, but the nature of the claims and the arguments of the Defendants, do not lend itself to setting forth the specific elements.

## I.  INTRODUCTION

The Amended Complaint, ("Complaint") (ECF 25), attempts to allege claims against City of Longmont Police Officer, Stephen Desmond ("Officer Desmond") and the City of Longmont, Colorado ("City" or "Longmont"), arising from Plaintiff's arrest and prosecution for financial crimes. The Defendants seek dismissal of the two claims for relief: (1) Malicious Prosecution against Officer Desmond, and; (2) "Failure to Train and Supervise and Vicarious Liability" against the City, for a number of reasons.

With respect to Officer Desmond: (1) there is no compliance with proper pleading standards established pursuant to **Bell Atl. Corp. v. Twombly**, 550 U.S. 544 (2007); (2) there are no allegations establishing the necessary element of a lack of probable cause; (3) the claim is barred by the Rooker-Feldman Doctrine, and collateral estoppel; (4) there is no right to a proper investigation, and; (5) Officer Desmond is entitled to qualified immunity. Furthermore, any claims against Officer Desmond in his official capacity, are duplicative.

Dismissal is proper for the City, because: (1) there can be no liability pursuant to a respondeat superior or vicarious liability theory, and; (2) there are no allegations identifying any specific custom, policy, practice, or procedure. **Hinton v. City of Elwood, Kan.**, 997 F.2d 774, 783 (10th Cir.1993); **Twombly**, *supra*.

## II.  STANDARD

To state a claim for relief, a federal complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." **Conley v. Gibson**, 355 U.S. 41, 47 (1957). At the pleading stage, it is not the defendant's or the court's

2

responsibility to guess at plaintiff's claims. *Conley*, 355 U.S. 41, 47 (1957).  A § 1983 complaint must, under Rule 12, "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). All well-pleaded factual allegations are viewed favorably to plaintiff. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).  All conclusory statements of law are set aside. *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). Rule 8, as interpreted by the Supreme Court, forbids "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

Qualified immunity shields Officer Desmond from any damages claimed based on his individualized behavior.  *See* *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982).  Qualified immunity affords public officials immunity from suit and exists to "protect them from undue interference with their duties, and from potentially disabling threats of liability."  *Elder v. Holloway*, 510 U.S. 510, 514 (1994), citing *Harlow*, 457 U.S. at 806 (1982).  Qualified immunity protects all governmental officials performing discretionary functions from civil liability as long as their conduct does not violate clearly established Constitutional rights of which a reasonable person would have known.  *Harlow,* 457 U.S. at 818.  When a defendant pleads the defense of qualified immunity, a plaintiff bears a heavy two-part burden of proving that: (1) the defendants' actions violated a constitutional right, and; (2) the right was clearly established at the time of the conduct at issue.  *Mick v. Brewer*, 76 F.3d 1127, 1134 (10th Cir. 1996) (citations omitted).  To survive dismissal, the plaintiff must show that the right was "clearly established" in a "particularized" sense.  *Wilson v. Meeks*, 52 F.3d 1547, 1552 (10th Cir. 1995), citing *Anderson v. Creighton*, 483

U.S. 635, 640 (1987). "[F]or a right to be 'particularized,' there must ordinarily be a Supreme Court or Tenth Circuit decision on point, or 'clearly established weight of authority' from other courts." *Anderson*, 483 U.S. at 640 citing *Medina v. City & County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992).

### III.  ARGUMENT

#### A. There is no viable claim for malicious prosecution pursuant to 42 U.S.C. § 1983 or the Fourteenth Amendment.

Pro se Plaintiff's claim against Officer Desmond is for "Malicious Prosecution." (ECF 25 at 8). In support, Plaintiff references 42 U.S.C. § 1983 and the Fourteenth Amendment. (*See* e.g. ECF 25, "First Claim for Relief" and ¶¶ 44-45 and 48, respectively). To any extent Plaintiff intends to solely rely on 42 U.S.C. § 1983, any such reliance is misplaced. "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), citing *Baker v. McCollan*, 443 U.S. 137, 144, n.3, (1979).

Alleging a claim under the Fourteenth Amendment is also improper. "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" *Albright*, 510 U.S. at 273, citing *Graham v. Connor*, 490 U.S. 386, 395 (1989). Any attempt to pursue a claim pursuant to solely 42 U.S.C. § 1983 or the Fourteenth Amendment, should be precluded.

#### B. Any claim against Officer Desmond in his official capacity, is duplicative.

"Official-capacity suits…, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Ky. v. Graham*, 473 U.S. 159, 165-166 (1985),

4

citing ***Monell v. New York City Dept. of Social Services***, 436 U.S. 658, 690, n. 55 (1978). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." ***Brandon v. Holt***, 469 U.S. 464, 471-472 (1985). Plaintiff sued the City of Longmont. The claim against Officer Desmond in his "official capacity" is in actuality a claim against the City, and is therefore duplicative.

### C.  Plaintiff fails to comply with applicable pleading standards.

A § 1983 malicious prosecution claim requires a plaintiff to show a lack of probable cause supporting the original arrest, continued confinement, or prosecution. ***Wilkins v. DeReyes,*** 528 F.3d 790, 799 (10th Cir. 2008), citing ***Novitsky v. City of Aurora,*** 491 F.3d 1244, 1258 (2007). "The absence of probable cause in particular is what gives a § 1983 malicious prosecution claim its character." ***Sperry v. Maes***, 592 Fed. Appx. 688, 694 (10th Cir. 2014). Conversely, the existence of probable cause is a complete defense to a malicious prosecution claim. ***Montgomery Ward & Co. v. Pherson***, 272 P.2d 643, 646, n. 9 (Colo. 1954). *See also* ***Harvey v. Carter***, 2003 U.S. Dist. LEXIS 13769, *32 (D. Colo. 2003). "Where false statements have been included in an arrest warrant affidavit, the existence of probable cause is determined by setting aside the false information and reviewing the remaining contents of the affidavit." ***Reynolds v. Wright***, 647 Fed. Appx. 838, 841 (10th Cir. 2016) citing ***Wolford v. Lasater***, 78 F.3d 484, 489 (10th Cir. 1996).

The arrest warrant Plaintiff complains of, was issued on February 4, 2019. (ECF 25, ¶ 8). Plaintiff claims Officer Desmond, "intentionally and knowingly include[ed] false statements in the arrest warrant affidavit…" (ECF 25, ¶ 47). Although Plaintiff fails to mention probable cause anywhere in his Complaint, the starting point would be to consider the arrest affidavit without the

5

allegedly false statements in order to determine the existence of probable cause. This assumes, of course, Plaintiff can present something other than conclusory allegations that the statements were, in fact, false.

Plaintiff, however, fails to provide the arrest affidavit and instead pleads nothing other than conclusory assertions respecting "false statements," as well as reference to a change in his mother's will to make himself the sole beneficiary (ECF 25, ¶ 14), and a reference to a joint Capital One account between himself and his mother, Emily Cebo (ECF 25, ¶ 22). There is no opportunity to consider the arrest affidavit or determine whether these statements might actually be false. The allegations are therefore unsupported and groundless conclusions, which fail to overcome Plaintiff's pleading burden. ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544 (2007). ***Ashcroft v. Iqbal***, 556 U.S. 662, 677-78 (2009). The claim against Officer Desmond should be dismissed on this basis.

### D.  Plaintiff fails to establish the requisite element of a lack of probable cause.

**Elements of Malicious Prosecution: (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages. *Wilkins*, 528 F.3d at 799.**

**Elements Not Plead: (3) no probable cause supported the original arrest, continued confinement, or prosecution.**

Even if Plaintiff can somehow overcome the notion the allegations in his Complaint are anything but conclusory, he cannot overcome his inability to establish a lack of probable cause. With respect to the "false statements," Plaintiff's allegations are limited to his belief Officer Desmond falsely stated Mr. Lewandowski: (1) changed his mother's will to make himself the sole beneficiary (ECF 25, ¶ 14), and; (2) had a joint Capital One account between himself and Emily

6

Cebo, his mother (ECF 25, ¶ 22). The State Court presiding over the criminal matter, however, addressed these statements, and determined they were not false and probable cause existed.

### 1. The Underlying Criminal Matter.

The arrest warrant for Plaintiff was issued on February 4, 2019, (ECF 25, ¶ 8), and a criminal matter arising from the arrest warrant was filed in the Boulder County District Court, under case number 2019CR0210. (ECF 25, ¶¶ 31-32). On April 1, 2019, a preliminary hearing for the criminal matter was held. Mr. Lewandowski and his attorney were present. (*See* Court's Order on Preliminary Hearing, attached hereto as ***Exhibit A***).[2] After receiving sworn testimony, the Court concluded probable cause existed to support Counts 1-3 of the Criminal Complaint (***Ex. A***).

On September 24, 2019, Mr. Lewandowski filed a Motion to Suppress and Request for Veracity Hearing pursuant to *People v. Dailey*. (*See* Mtn. for Veracity Hrg, attached hereto as ***Exhibit B***). Mr. Lewandowski argued he was aggrieved by false statements contained in the arrest warrant affidavit completed by Officer Desmond. (***Ex. B***, at 1). Specifically, "(o)n February 1, 2019, law enforcement officers from the Longmont Police Department obtained a warrant for Mr. Lewandowski's arrest based upon an affidavit for arrest warrant filed with the court." (***Ex. B***, at ¶

---

[2] Generally, a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) must be determined on the four-corners of the Complaint. **SEC v. Goldstone**, 952 F. Supp.2 d 1060, 1191 (D. N.M. 2013), referring to **Casanova v. Ulibarri**, 595 F.3d 1120, 1125 (10th Cir. 2010). Exceptions to this requirement include documents referred to in the complaint if the documents are central to the plaintiff's claim…and matters of which a court may take judicial notice, including public records. **Goldstone**, 952 F. Supp. 2d at 1191, referring to **Tellabs, Inc. v. Makor Issues & Rights, Ltd**., 551 U.S. 308, 322 (2007). "'(F)acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment.'" **Tal v. Hogan**, 453 F.3d 1244, 1265 n. 24 (10th Cir. 2006). The Defendants request the Court take judicial notice of documents referenced in Plaintiff's Complaint as well as documents set forth in the criminal docket.

5); "The police obtained…the arrest warrant by misleading the issuing judge.  The police inserted false information and otherwise made intentional and material alterations in the affidavit with intent to deceive and mislead the issuing judge." (***Ex. B***, at ¶ 6); "The officer-affiant knew these alterations were false and, otherwise, made them with a reckless disregard of the truth." (***Ex. B***, at ¶ 6).  Plaintiff asked the Court to "strike [the] false statements, omissions or misleading statements from the affidavit," (***Ex. B***, at ¶ 6, citing ***Franks v. Delaware***, 438 U.S. 154 (1978); ***People v. Winden***, 689 P.2d 578 (Colo. 1984), and determine the search and seizure violated the "Fourth and Fourteenth Amendments to the United States Constitution." (***Ex. B***, at 3-4).

Consistent with his claim in this matter, Plaintiff argued Officer Desmond "mislead the court in his applications for…arrest warrants…by repeatedly making false statements to make it appear that Mr. Lewandowski was managing his mother's affairs…" "For instance, Detective Desmond has stated on multiple occasions that Mr. Lewandowski changed his mother's will to award himself his mother's full estate…Detective Desmond knows this is untrue." (***Ex. B*** at 2-3); "Detective Desmond stated this in the affidavit he filed for a court ordered production of the Capital One banking records and information…" (***Ex. B***, at 3).

A hearing was held on October 13, 2019, and Mr. Lewandowski was present with his attorney. (***Ex. C***, at 1).  The Court's order did not expressly address the arrest affidavit, but it did conclude the same statements alleged in this matter, were not made by Officer Desmond either "intentionally or recklessly false."  The Court held there was probable cause for the search, based on the same statements criticized by the Plaintiff in this matter, and denied that portion of Plaintiff's Motion. (***Ex. C***, at 1-2). Therefore, Plaintiff cannot properly allege the absence of probable cause, and the claim against Officer Desmond should be dismissed.

### 2. The Rooker-Feldman Doctrine and Supreme Court case law preclude review of the probable cause determination.

"The Rooker-Feldman doctrine prevents lower federal courts from exercising jurisdiction 'over cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" ***Bruce v City & Cnty. of Denver***, 57 F.4th 738, 746 (10th Cir. 2023), citing ***Exxon Mobil Corp. v. Saudi Basic Indus. Corp.***, 544 U.S. 280 (2005); *see also* ***Lance v. Dennis***, 546 U.S. 459, 466, (2006) (explaining the Rooker-Feldman doctrine applies "where a party in effect seeks to take an appeal of an unfavorable state-court *decision* to a lower federal court") (emphasis added). "*Rooker-Feldman* precludes federal district courts from effectively exercising appellate jurisdiction over claims 'actually decided by a state court' and claims 'inextricably intertwined' with a prior state-court judgment." ***McDonald v. Citibank N.A.,*** 2021 U.S. Dist. LEXIS 230610, *24 (D. Colo. 2021), citing ***Mo's Express, LLC v. Sopkin***, 441 F.3d 1229, 1233 (10th Cir. 2006).

By attacking the arrest affidavit prepared by Officer Desmond, Plaintiff necessarily seeks review of the State Court's probable cause determinations made both at the preliminary hearing (***Ex. A***) and with respect to the Motion for Veracity (***Ex. C***). This Court lacks jurisdiction with respect to the probable cause determinations made by the State Court, and review should be precluded pursuant to the Rooker-Feldman Doctrine.

### 3. Plaintiff's Malicious Prosecution Claim is Precluded Pursuant to Collateral Estoppel.

"The federal courts have traditionally adhered to the related doctrines of res judicata and collateral estoppel. Under res judicata, a final judgment on the merits of an action precludes

9

the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980), citing *Cromwell v. County of Sac*, 94 U.S. 351, 352. "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen*, 449 U.S. at 94, citing *Montana v. United States*, 440 U.S. 147, 153 (1979).  "(R)es judicata and collateral estoppel relieves parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen*, 449 U.S. at 94, citing *Montana*, 440 U.S. at 153-154.

Plaintiff is precluded from relitigating the State Court's probable cause determination and the conclusion Officer Desmond's statements in the warrant, were not false or recklessly made. The inability to attack the probable cause determination is fatal to Plaintiff's claim.

### E.  There is no right to a "proper" investigation.

Plaintiff criticizes Officer Desmond for failing to investigate the allegations against Mr. Lewandowski.  In particular, Plaintiff claims Officer Desmond failed to properly review bank statements alleged to contain illegal transfers, and failed to interview Mr. Lewandowski beyond a "negligible" two-minute phone call. (ECF 25, ¶ 47).  Beyond the mere allegations, Plaintiff fails to establish how any of these actions or inactions support a claim under the Fourth Amendment, and a review of appliable case law provides no authority for the proposition a suspect is owed some sort of Constitutional duty for a proper or "standardized" investigation by a police officer. Absent a showing Officer Desmond's approach to the underlying investigation somehow violated Plaintiff's Constitutional rights under the Fourth Amendment, Plaintiff's claim fails.

### F. Officer Desmond is entitled to Qualified Immunity.

**Elements of Qualified Immunity:** Plaintiff must show: (1) the defendants' actions violated a constitutional right, and (2) the right was clearly established at the time of the conduct at issue. *Mick*, 76 F.3d at 1134.

**Elements Not Plead:** (1) violation of a Constitutional right, and (2) the right was clearly established.

#### 1. Plaintiff fails to establish a violation of a constitutional right.

Considering Plaintiff's inability to establish a lack of probable cause, coupled with a failure to provide anything other than conclusory assertions, there are no allegations identifying individualized action taken by Officer Desmond, which violated Plaintiff's Constitutional rights. Plaintiff cannot overcome the first element of a qualified immunity defense.

#### 2. Plaintiff fails to identify a clearly established right.

To survive dismissal, the plaintiff must show that the Constitutional right complained of, was "clearly established" in a "particularized" sense. *Wilson*, 52 F.3d at 1552. "[F]or a right to be 'particularized,' there must ordinarily be a Supreme Court or Tenth Circuit decision on point, or 'clearly established weight of authority' from other courts." *Anderson*, 483 U.S. at 640 citing *Medina*, 960 F.2d 1498.

Plaintiff cannot establish a lack of probable cause, or even malice on the part of Officer Desmond, and there is no Supreme Court or Tenth Circuit decision allowing a malicious prosecution claim to proceed, when probable cause has already been established. C.f. Montgomery Ward & Co. v, 272 P.2d at 646, n. 9 (The existence of probable cause is a complete defense to a malicious prosecution claim). Without any clearly established authority, Plaintiff can state no claim for a Constitutional violation, and Officer Desmond is entitled to qualified immunity.

### G. Plaintiff fails to allege a valid municipal liability claim against the City of Longmont.

**<u>Elements of a Municipal Liability Claim</u>: (1) the existence of a municipal custom or policy and (2) a direct and causal link between the custom or policy and the violation alleged.** *Jenkins v. Wood*, **81 F.3d 988, 993 (10th Cir. 1996), citing** *City of Canton v. Harris*, **489 U.S. 378, 385 (1989).**

**<u>Elements Not Plead</u>:  (1) the existence of a municipal custom or policy and (2) a direct and causal link between the custom or policy and the violation alleged.**

Plaintiff's claims against the City of Longmont fare no better than those against Officer Desmond. To establish liability of a public entity under 42 U.S.C. §1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct and causal link between the custom or policy and the violation alleged." ***Jenkins***, 81 F.3d at 993.  The Supreme Court described the requirements a plaintiff must meet to impose public entity liability as follows: "It is not enough for a §1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged.  That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." ***Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown***, 520 U.S. 397, 404 (1998) (emphasis added).

Under these standards, municipal liability may arise only out of official customs or policies, or for the actions of a final policymaker to any extent that such policies, customs, or policymakers can be shown to be responsible for a constitutional violation.  See ***Brown***, 520 U.S. at 403-404. Establishing deliberate conduct and the "requisite degree of culpability," means municipal liability attaches only where "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the

subject matter in question." ***Pembaur v. City of Cincinnati***, 475 U.S. 469, 483 (1986); ***Myers v. Oklahoma Cnty. Bd. of Cnty. Comm'rs***, 151 F.3d 1313, 1319 (10th Cir. 1998).

"Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." ***Schneider v. City of Grand Junction Police Dep't***, 717 F.3d 760, 770 (10th Cir. 2013), citing ***Brown***, 520 U.S. at 405. "The causation element is applied with especial rigor when the municipal policy or practice is itself not unconstitutional, for example, when the municipal liability claim is based upon inadequate training, supervision, and deficiencies in hiring." ***Schneider***, 717 F.3d at 770, citing *Martin A. Schwartz*, Section 1983Litigation Claims & Defenses, § 7.12.

"[A] plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." ***Schneider*** 717 F.3d at 770 (10th Cir. 2013) citing ***Brown***, 520 U.S. at 407; *see also* ***City of Canton***, 489 U.S. 378, 389 (1989). "The deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm." ***Schneider***, 717 F.3d at 771, citing ***Barney v. Pulsipher***, 143 F.3d 1299, 1307 (10th Cir. 1998).

Furthermore, Courts have long since rejected the notion municipalities can be liable under a respondeat superior or vicariously liability theories, for the actions of their employees, in a § 1983 setting. "In suits against municipal entities, '[s]ection 1983 . . . rejects the tort principle

of *respondeat superior* and does not subject [such entities] to vicarious liability for the acts of their employees." ***Shue v. Laramie County Det. Ctr.***, 594 Fed. Appx. 941, 944 (10th Cir. 2014), citing ***Milligan-Hitt v. Bd. of Trs. of Sheridan Cnty. Sch. Dist. No. 2***, 523 F.3d 1219, 1223 (10th Cir. 2008), and referring to ***City of Canton v. Harris***, 489 U.S. 378, 385 (1989).

Plaintiff captions his Second Claim for Relief as "Failure to Train and Supervise and Vicarious Liability." (ECF 25, at 9).  Notwithstanding the notion Plaintiff cannot maintain a claim based on vicarious liability, he still fails to specifically identify any custom, practice, policy, or procedure, or any aspect regarding training which was the moving force behind Officer Desmond's actions.  The allegations in the Complaint are conclusory and insufficient to overcome Plaintiff's burden.  ***Twombly***, 550 U.S. 544.  Plaintiff's claim against the City of Longmont, should be dismissed.

### IV.    CONCLUSION

For the foregoing reasons, Officer Stephen Desmond, and the City of Longmont, Colorado, respectfully request the Court grant their Motion, dismiss all of Plaintiff's claims with prejudice, and for any other relief deemed just.

Respectfully submitted this 14th day of December 2023.

                        s/ *Mark S. Ratner*
                        Mark S. Ratner, Esq.
                        Hall & Evans, L.L.C.
                        1001 17th Street, Suite 300, Denver, CO 80202
                        303-628-3300 /Fax: 303-628-3368
                        ratnerm@hallevans.com
                        **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on the 14th day of December 2023, a true and correct copy of the foregoing **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (ECF 25) PURSUANT TO FED. R. CIV. P. 12(b)(6)** was filed with the Court via CM/ECF and served on the below-listed party by email:

Robert Lewandowski
defendingcivilrights@gmail.com

*s/ Sarah Stefanick*