IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01897-PAB-NRN

ROBERT LEWANDOWSKI,

Plaintiff,

v.

OFFICER STEPHEN DESMOND, in his individual and official capacity,

Defendants.

---

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(1) and (6) (ECF No. 64)**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This matter is before the Court pursuant to an Order, ECF No. 65, issued by Chief Judge Philip A. Brimmer referring Defendant Officer Stephen Desmond's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(b)(1) and (6) ("Motion to Dismiss"), ECF No. 64. Plaintiff Robert Lewandowski, who proceeds pro se, filed a response. ECF No. 68. Defendants filed a reply. ECF No. 72.

The Court has taken judicial notice of the Court's file, and considered the applicable federal and state statutes and case law. As set forth below, it is hereby **RECOMMENDED** that Defendant's Motion to Dismiss, ECF No. 64, be **DENIED**.

## I. BACKGROUND[1]

The Court set forth the relevant history of this case in its August 7, 2024 Report and Recommendation on Plaintiff's Motion to Amend Complaint and Defendants' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (the "R&R"), ECF No. 55, and will repeat it here only as necessary.

In the R&R, the Court recommended that Plaintiff be permitted to file an amended pleading that alleges only a Fourth Amendment malicious prosecution claim against Defendant Desmond.[2] No objections to the R&R were filed, and Chief Judge Brimmer accepted it on August 27, 2024. ECF No. 56. Pursuant to Chief Judge Brimmer's order, Plaintiff filed the Amended Complaint on September 9, 2024. ECF No. 61. The crux of Plaintiff's claim is that Defendant fabricated evidence that led to Plaintiff being arrested and charged with various financial crimes committed against his mother. *See generally* ECF No. 61. Plaintiff was eventually acquitted at trial.

The subject Motion to Dismiss followed. ECF No. 64. Defendant argues that this lawsuit should be dismissed because (1) the *Rooker-Feldman* doctrine precludes this Court's subject matter jurisdiction to review the state court's probable cause determination, and (2) Plaintiff does not plausibly allege that that Defendant's actions lacked probable cause.

The Motion to Dismiss acknowledges that this Court addressed both these issues in its R&R when it discussed whether permitting amendment would be futile. *See*

---

[1] Any citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.
[2] Plaintiff's municipal liability claim against the City of Longmont was dismissed.

2

ECF No. 64 at 4 n.2; ECF No. 55 at 12–18. However, Defendant notes that his earlier motion to dismiss was denied as moot based on the filing of the Amended Complaint.

## II. LEGAL STANDARDS

### a. Pro se Plaintiff

Plaintiff proceeds pro se. Accordingly, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (the court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). A plaintiff's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### b. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides that a complaint may be dismissed for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Dismissal under Rule 12(b)(1) is not a judgment on the merits of the plaintiff's claim. Instead, it is a

3

determination that the court lacks authority to adjudicate the matter." *Creek Red Nation, LLC v. Jeffco Midget Football Ass'n, Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted). As the party seeking to invoke the jurisdiction of this court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction") (quoting *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999)).

### c. Rule 12(b)(6)

Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1109 (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

4

its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.  Analysis

#### a.  *Rooker-Feldman* Doctrine

Defendant argues that the *Rooker-Feldman* doctrine erects a jurisdictional bar to Plaintiff's malicious prosecution claim. As explained in the R&R, the Court disagrees.

The *Rooker-Feldman* doctrine precludes lower federal courts "from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment." *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006) (quotations omitted). *Rooker-Feldman*'s jurisdictional bar applies when "(1) the plaintiff lost in state court, (2) the state court judgment caused the plaintiff's injuries, (3) the state court rendered judgment before the plaintiff filed the federal claim, and (4) the plaintiff is asking the district court to review and reject the state court judgment." *Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 746 (10th Cir. 2023). The doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "The jurisdictional limitation recognized in *Rooker-Feldman* is narrow. . . . To apply, a litigant's claim must

5

specifically seek to modify or set aside a state court judgment." *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 515 (10th Cir. 2023) (citation omitted).

In the R&R, the Court found that *Rooker-Feldman* did not apply to this case:

> Here, none of the requisite elements are met. Plaintiff was not the loser in state court—he was acquitted and judgment was entered in his favor. *See* Colo. R. Crim. P. 32(b)(3)(ii) ("If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly.") This judgment of acquittal did not cause Plaintiff's injuries, and he is not asking this Court to modify it or set it aside. Instead, he seeks to impose liability on Defendant Desmond for malicious prosecution. Success on this claim would not result in any inconsistency with or rejection of a state court judgment. Thus, this case differs significantly from those cases where *Rooker-Feldman* was deemed to bar a malicious prosecution claim. *See, e.g.*, *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1194 (10th Cir. 2010) (*Rooker-Feldman* barred malicious prosecution claims that "necessarily invite[d] federal-court undoing of" an adverse state court custody order and misdemeanor criminal conviction for custodial interference; holding "[w]e fail to see how a federal court could conclude that the juvenile proceedings or the Jensens' criminal prosecution themselves were wrongful without reviewing and, in essence, reversing the adverse state-court judgments that were the products of those proceedings"); *Segler v. Ross Mgmt. Group, Inc.*, 485 F. App'x 980, 981 (10th Cir. 2012) (*Rooker-Feldman* barred claims based upon the alleged invalidity of orders issued in eviction proceedings in Denver County Court); *Saxena v. Jackson*, No. 23-cv-00213-DDD-SBP, 2024 WL 687034, at *7 (D. Colo. Jan. 16, 2024) ("*Rooker-Feldman* thus deprives this court of jurisdiction over Plaintiff's malicious prosecution claims, inextricably intertwined as they are with the state court judgment of *conviction*") (emphasis added), *recommendation adopted*, No. 23-cv-00213-DDD-SBP, 2024 WL 1831080 (D. Colo. Feb. 14, 2024); *Vigoda v. Rosendahl-Sweeney*, No. 21-cv-00182-STV, 2022 WL 425243, at *5 (D. Colo. Feb. 11, 2022) (*Rooker-Feldman* barred malicious prosecution claim that would have required the court to find that a disciplinary decision rendered against the plaintiff by Colorado's Office of Attorney Regulation Counsel, which had not been overturned, was erroneous: "this Court lacks jurisdiction over the malicious prosecution claim under the *Rooker-Feldman* doctrine because this claim is inextricably intertwined with the state court judgment"); *Calvert v. Safranek*, No. 05-cv-01713-REB-PAC, 2005 WL 8172099, at *5 (D. Colo. Dec. 19, 2005) (*Rooker-Feldman* barred malicious prosecution claim against prosecutor who successfully prosecuted a plaintiff in a county court zoning enforcement action) (collecting cases), *recommendation adopted*, 2006 WL 8454580 (D. Colo. Jan. 30, 2006), *aff'd*, 209 F. App'x 816 (10th Cir. 2006).

6

ECF No. 55 at 16–18.

Nevertheless, Defendant claims that Plaintiff's malicious prosecution claim is "inextricably intertwined" with the state court's probable cause decision. The Court is not persuaded.

The R&R cited *Clark v. Murch*, No. 22-1330, 2023 WL 5012096 (10th Cir. Aug. 7, 2023), in support of its determination that because Plaintiff was acquitted at trial, *Rooker-Feldman* is not a jurisdictional barrier to his malicious prosecution claim. In that case, the Tenth Circuit held that *Rooker-Feldman* did not preclude a malicious prosecution claim where a probable cause determination was made at a preliminary hearing, but charges were dismissed before trial:

> *Rooker-Feldman* does not apply here. Mr. Clark does not seek to modify or set aside a state-court judgment. The state court never entered a judgment against him; it dismissed his prosecution. Although the state court found probable cause, the orders it entered before dismissing the case do not implicate *Rooker-Feldman. See Webb ex rel. K.S. v. Smith*, 936 F.3d 808, 816–17 (8th Cir. 2019) (holding that *Rooker-Feldman* did not apply when state courts "never issued any judgments" but instead merely "entered orders in cases that were later voluntarily dismissed").

*Id.*, 2023 WL 5012096, at *2. The same applies here.

Defendant also claims that *Rooker-Feldman* prohibits federal court review of an interlocutory state decision. But as the R&R clarified, interlocutory appeals are improper before a final judgment is rendered in a criminal case, and after an acquittal, all potential appeals are rendered moot. The rationale underlying the *Rooker-Feldman* doctrine is that only the U.S. Supreme Court—and not lower federal courts—may review and reject[ ]" state-court decisions under 28 U.S.C. § 1257. *Exxon Mobil,* 544 U.S. at 284. "That rationale is undercut if plaintiff had neither a practical reason nor a legal basis to appeal the state-court decision that caused h[is] alleged injuries." *Green v. Mattingly,*

7

585 F.3d 97, 102–03 (2d Cir. 2009). Thus, Plaintiff's inability to seek state appellate review of the probable cause determination confirms that this federal action does not "invite district court review and rejection" of that order. *Id.*; *see also Session v. Rodriguez*, 370 F. App'x 189, 192 (2d Cir. 2010) ("The state court probable cause determination was 'interlocutory, unappealable, and effectively reversed' in light of the dismissal of all criminal charges against Session. Moreover, Session did not invite district court review and rejection of the state court probable cause determination; rather, he invited district court scrutiny of the actions allegedly undertaken by Rodriguez in falsely procuring that determination.").

Accordingly, the Court finds that "narrow" limitations of *Rooker-Feldman* are inapplicable to the case at bar.

### b. Conclusory Allegations

To prevail on a claim for malicious prosecution, a plaintiff must establish (1) the defendant contributed to bringing a civil or criminal proceeding against the plaintiff; (2) the proceeding was resolved in favor of the plaintiff; (3) there was no probable cause for the proceeding; (4) the defendant acted with malice; and (5) the plaintiff incurred damages. *Thompson v. Maryland Cas. Co.*, 84 P.3d 496, 503 (Colo. 2004). Defendant argues that the Amended Complaint does not plausibly allege the lack of probable cause element. Again, the Court discussed this argument in the R&R:

> Plaintiff makes sufficiently specific allegations in the Amended Complaint and SAC that Defendant Desmond made false statements in his affidavit in support of the arrest warrant, and that these statements were made either with knowledge of their falsity or with reckless disregard of the truth. For example, Plaintiff alleges that Ms. Kantrowitz informed Defendant Desmond months before he prepared the arrest warrant that Plaintiff did not steal stock from his mother or change his mother's will to make himself the sole beneficiary, yet Defendant Desmond nevertheless included these

8

> allegations in his affidavit. Plaintiff also alleges that even though police reports show that he had no joint bank accounts with his mother, Defendant Desmond referred multiple times to joint bank accounts. These are not conclusory allegations in the slightest.

ECF No. 55 at 12.

Defendant claims that these allegations are indeed conclusory because the state court discounted them and found probable cause. But Plaintiff's claim here focuses on *Defendant's* actions; not the state court judge's determination. In effect, Defendant argues that this Court is bound by the state court's probable cause determination and Plaintiff is precluded from relitigating this issue. The Court has already rejected this argument. *See id.* at 13–16. Plaintiff sufficiently alleges that Defendant presented fabricated and/or intentionally misleading evidence to the state court judge, which resulted in Plaintiff being tried for and ultimately acquitted of crimes he did not commit. That is enough to state a claim for malicious prosecution under Rule 12(b)(6).

## IV. CONCLUSION

For the reasons set forth above, it is hereby **RECOMMENDED** that Defendant's Motion to Dismiss, ECF No. 64 be **DENIED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge,** *Thomas v. Arn***, 474 U.S. 140, 148–53**

**(1985), and also waives appellate review of both factual and legal questions.**

*Makin v. Colo. Dep't of Corr.*, **183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse*, **91 F.3d 1411, 1412–13 (10th Cir. 1996).**

Dated at Denver, Colorado this 13th day of December, 2024

_____
N. Reid Neureiter
United States Magistrate Judge