IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01897-PAB-NRN

ROBERT LEWANDOWSKI,

Plaintiff,

v.

OFFICER STEPHEN DESMOND, in his individual and official capacity,

Defendants.

---

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (ECF No. 87)**

---

**N. REID NEUREITER
United States Magistrate Judge**

This matter is before the Court pursuant to an Order, ECF No. 88, issued by Chief Judge Philip A. Brimmer referring Plaintiff Robert Lewandowski's Motion for Leave to Amend Complaint ("Motion to Amend"), ECF No. 87. While Defendant Officer Stephen Desmond filed a response indicating that he takes no position on the motion, ECF No. 95, Plaintiff nevertheless filed a reply brief, ECF No. 107. Having taken judicial notice of the Court's file and considered the applicable federal and state statutes and case law, it is hereby **RECOMMENDED** that the Motion to Amend, ECF No. 87, be **DENIED**.

**I. BACKGROUND**[1]

The Court has set forth the relevant history of this case in two prior Reports and Recommendations ("R&R"), see ECF Nos. 55 & 73, and will repeat it here only as necessary.

Put briefly, Plaintiff alleges that Defendant Desmond fabricated evidence that led to Plaintiff being arrested and charged with various financial crimes committed against his mother. *See generally* ECF No. 61. Plaintiff claims that his sister, Irene Kantrowitz, made false statements regarding the alleged crimes to Defendant Desmond, "who ran with them, regardless of the whole sale [sic] absence of supporting facts." *Id.* ¶ 23. After Plaintiff's acquittal at trial, he contacted the Longmont Police Department to file a criminal complaint against Ms. Kantrowitz for making false statements to law enforcement, but nothing came of it. *Id.* ¶¶ 35–38.

Plaintiff now seeks leave to amend his complaint for the fourth time to add Ms. Kantrowitz as a party and assert against her claims of malicious prosecution and defamation. *See* ECF No. 87-1.

**II. LEGAL STANDARDS**

    **a. Pro se Plaintiff**

Plaintiff was proceeding pro se when he filed the subject Motion to Amend.[2] Accordingly, the Court will "review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Trackwell v. United*

---

[1] Any citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

[2] Plaintiff now has counsel, *see* ECF Nos. 122 & 123, who declined to withdraw the Motion to Amend, *see* ECF No. 129.

2

*States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (the court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). A plaintiff's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### b. Rule 15

Rule 15(a)(2) of the Federal Rules of Civil Procedure states, in relevant part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Leave to amend shall be freely granted when justice so requires. *See, e.g.*, *Bellairs v. Coors Brewing Co.*, 907 F. Supp. 1448, 1459 (D.Colo.1995). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the court may exercise its discretion to deny a motion to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by previously allowed

3

amendments, or futility of the amendment. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

### III.   ANALYSIS

As noted above, the Court may deny a motion to amend based on undue delay. *Minter v. Prime Equip. Co.*, 451 F3d 1196, 1205 (10th Cir. 2006). "The longer the delay, the more likely the motion to amend will be denied" because of the burdens placed on the opposing party and the Court. *Id*. The Court may deny leave to amend when the movant "has no adequate explanation for the delay." *Id.* at 1206. Untimeliness alone is sufficient reason to deny leave to amend. *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001); *see also Barrett v. Qual-Med, Inc.*, 153 F.R.D. 653, 655 (D. Colo. 1994) ("Although untimeliness alone may support a trial court's decision to deny a plaintiff's motion to amend, it is within the discretion of the trial court whether to grant such a motion.").

Plaintiff's Motion to Amend should be denied because it is untimely, especially considering the numerous opportunities to amend that he has already been given.

The Court notes that Plaintiff filed this lawsuit almost two years ago and has since either amended his pleading or sought leave to do so at least four times. *See* ECF Nos. 1, 25, 43, 61, & 87. There have been two motions to dismiss that have been fully briefed. *See* ECF Nos. 29 & 64. This is the third R&R issued by the Court. Allowing amendment would add a new party and new claims for relief, which would require—in addition another round of motion to dismiss briefing—a new Scheduling Order. This would necessarily further delay these proceedings, adding to the burdens on Defendant

4

Desmond, this Court, and Chief Judge Brimmer. This alone militates against granting leave to amend.

But the bigger problem is that Plaintiff offers no explanation, adequate or otherwise, for why he waited so long to bring these claims against his sister. He was plainly aware of the alleged facts underlying these claims at the time suit was filed, given his original complaint states that Ms. Kantrowitz lied to police about him and that, in return, he sought to initiate a criminal investigation of her actions after his acquittal. *See* ECF No. 1 at 10–11. Moreover, Plaintiff attaches to the subject Motion to Amend a demand letter he apparently sent to Ms. Kantrowitz on May 29, 2023, about two months before he brought this case, in which he demands $2 million in compensation for Ms. Kantrowitz's false statements about fraud and abuse she allegedly made to law enforcement and financial institutions. ECF No. 87-1 at 1. Thus, Plaintiff had the information necessary to assert claims against Ms. Kantrowitz well before February 19, 2025, the day he filed the Motion to Amend. He could and should have included these allegations either in his original complaint or one of the several amended complaints he was given leave to file. Plaintiff has not offered a persuasive reason for his failure to do so. Therefore, the Court concludes that the Motion to Amend should be denied based on Plaintiff's undue delay.

## IV.  CONCLUSION

For the reasons set forth above, it is hereby **RECOMMENDED** that Plaintiff Robert Lewandowski's Motion for Leave to Amend Complaint, ECF No. 87, be **DENIED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge,** *Thomas v. Arn***, 474 U.S. 140, 148–53 (1985), and also waives appellate review of both factual and legal questions.** *Makin v. Colo. Dep't of Corr.***, 183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse***, 91 F.3d 1411, 1412–13 (10th Cir. 1996).**

Dated at Denver, Colorado this 23rd day of May, 2025.

_____
N. Reid Neureiter
United States Magistrate Judge