IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-01897-PAB-NRN

ROBERT LEWANDOWSKI,

   Plaintiff,

v.

OFFICER STEPHEN DESMOND, in his individual and official capacity,

   Defendant.

---

**ORDER**

---

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge [Docket No. 73]. Defendant Officer Stephen Desmond filed an objection. Docket No. 84. Plaintiff Robert Lewandowski[1] filed a response. Docket No. 85. Defendant filed a reply. Docket No. 86. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**I.   BACKGROUND**

The background of this case is set forth in the magistrate judge's recommendation, Docket No. 73 at 2, and the Court adopts it for purposes of ruling on the objection. The Court will only discuss the background of this case to the extent it is relevant to ruling on defendant's objection.

---

[1] Because plaintiff is proceeding pro se, the Court construes plaintiff's pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

On February 4, 2019, defendant, a police officer with the City of Longmont, Colorado, obtained a warrant for plaintiff's arrest. Docket No. 61 at 3, ¶ 7. Other than a January 29, 2019 phone call between plaintiff and defendant, plaintiff had no contact with defendant before the arrest warrant was issued. *Id.* at 2-3, ¶¶ 6, 7. The arrest warrant "contained allegations regarding alleged financial crimes purported to have been committed by Mr. Lewandowski against his mother, Emily Cebo." *Id.* at 3, ¶ 8. The arrest warrant contained the following criminal allegations: "(i) Mr. Lewandowski stole stock from his mother; (ii) that Mr. Lewandowski changed his mother's will making him sole beneficiary; (iii) that Mr. Lewandowski 'made himself' a Power of Attorney document; and (iv) that Mr. Lewandowski stole cash and other funds from his mother's bank accounts." *Id.*, ¶ 9.

After the arrest warrant was issued, plaintiff was charged with "multiple felony crimes" in Case No. 2019CR0210 in the District Court for Boulder County, Colorado. *Id.* at 9, ¶¶ 41-43. On April 1, 2019, plaintiff, represented by counsel, attended a preliminary hearing in his state case. Docket No. 64-1.[2] At this hearing, the state court

---

[2] The complaint does not allege facts concerning the state court's probable cause determination at the preliminary hearing and veracity hearing. *See* Docket No. 61. However, defendant, pursuant to Rule 12(b)(1), makes a factual attack on subject matter jurisdiction by asking the Court to consider documents filed in the state court, *see* Docket No. 64-1, 64-2, 64-3, which is evidence beyond the pleadings. *Equal Emp. Opportunity Comm'n v. 'Murica, LLC*, 694 F. Supp. 3d 1356, 1365 (D. Colo. 2023) ("When reviewing a factual attack, courts cannot 'presume the truthfulness of the complaint's factual allegations,' and may consider documents outside the complaint without converting the motion to dismiss into a motion for summary judgment.") (quoting *Ratheal v. United States*, 2021 WL 3619902, at *3 (10th Cir. Aug. 16, 2021)). The Court's consideration of the state court documents does not convert defendant's motion to dismiss into a motion for summary judgment. *See id.* Therefore, the Court will consider the following state court documents attached to defendant's motion to dismiss: the Boulder District Court's probable cause determination made at the preliminary

found that there was probable cause for the counts brought against plaintiff. *See id.* On September 24, 2019, plaintiff filed a motion challenging the veracity of defendant's affidavit submitted in support of the arrest warrant. *See* Docket No. 64-2. On October 30, 2019, the state court held a motions hearing, in which it addressed plaintiff's motion challenging the veracity of defendant's affidavit. *See* Docket No. 64-3. The state court found that "no statements of the affiant were intentionally or recklessly false." *Id.* at 2.

Plaintiff's criminal trial was held from July 26, 2021 to July 30, 3021. Docket No. 61 at 9, ¶ 43. On July 30, 2021, plaintiff was acquitted of all charges. *Id.* at 10, ¶ 44. Plaintiff brings a Fourth Amendment malicious prosecution claim pursuant to 42 U.S.C. § 1983 against defendant for his alleged "falsification of charges and falsification of evidence." *Id.* at 13, ¶ 59.

## II.   LEGAL STANDARD

### A. Objections to Magistrate Judge Recommendations

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.*

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927

---

hearing, plaintiff's motion challenging the veracity of defendant's affidavit, and the state court's minute order on plaintiff's motion. *See* Docket Nos. 64-1, 64-2, 64-3.

F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of the recommendation to confirm that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or is contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

### B. Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted). A court, however, does not need to accept conclusory allegations. *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("we are not bound by conclusory allegations, unwarranted inferences, or legal conclusions").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

### C. Federal Rule of Civil Procedure 12(b)(1)

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint. Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)). Ultimately, plaintiff has "[t]he burden of establishing subject matter jurisdiction" because

5

he is "the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

III.   **ANALYSIS**

The magistrate judge recommends denying defendant's motion to dismiss, finding that the *Rooker-Feldman* doctrine does not bar plaintiff's claim. *See* Docket No. 73 at 5, 9. Specifically, the magistrate judge finds that "none of the requisite elements are met" for *Rooker-Feldman* to apply. *Id.* at 6 (quoting Docket No. 55 at 16-18). The magistrate judge rejects defendant's argument that plaintiff's "malicious prosecution claim is 'inextricably intertwined' with the state court's probable cause decision.". *See id.* at 7 (citing *Clark v. Murch*, 2023 WL 5012096 (10th Cir. Aug. 7, 2023)). The magistrate judge relies on *Clark*'s conclusion that "*Rooker-Feldman* did not preclude a malicious prosecution claim where a probable cause determination was made at a preliminary hearing, but charges were dismissed before trial." *Id.* The magistrate judge rejects defendant's argument that *Rooker-Feldman* "prohibits federal court review of an interlocutory state decision" because "Plaintiff's inability to seek state appellate review of the probable cause determination confirms that this federal action does not 'invite district court review and rejection' of that order." *Id.* at 7-8 (quoting *Green v. Mattingly*, 585 F.3d 97, 102-03 (2d Cir. 2009)).

Defendant objects, arguing that *Rooker-Feldman* bars plaintiff's claim. *See* Docket No. 84 at 3-7. He argues that *Rooker-Feldman* bars plaintiff from challenging the Boulder District Court's determination that there was probable cause for criminal proceedings. *See id.* Defendant contends that "any determination by this Court that probable cause either did not exist, or the existence of probable cause was somehow

6

erroneously determined, would clearly overrule the State Court's multiple orders determining the existence of probable cause" and that this is "exactly what the *Rooker-Feldman* Doctrine precludes." *Id.* at 4-5, ¶11. Defendant argues that the probable cause determination is "'inextricably intertwined' with the State Court's judgment in the criminal trial." *Id.* at 5, ¶ 12. Defendant contends that it was erroneous for the magistrate judge to "only apply the *Rooker-Feldman* Doctrine to actual State Court judgments" because *Rooker-Feldman* does not just apply to judgments, but also state court decisions, such as the state court's probable cause determination. *See id*.

The *Rooker-Feldman* doctrine is "tied to Congress's decision to vest federal appellate jurisdiction over state court judgments exclusively in the United States Supreme Court." *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 514 (10th Cir. 2023) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005); 28 U.S.C. § 1257). The *Rooker-Feldman* doctrine implicates a court's subject matter jurisdiction and applies where "(1) the plaintiff lost in state court, (2) the state court judgment caused the plaintiff's injuries, (3) the state court rendered judgment before the plaintiff filed the federal claim, and (4) the plaintiff is asking the district court to review and reject the state court judgment." *Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 746 (10th Cir. 2023). The *Rooker-Feldman* doctrine applies when a litigant's claim seeks to "modify or set aside a state court judgment." *Graff*, 65 F.4th at 515; *see also Williams v. HSBC Bank USA, N.A.*, 681 F. App'x 693, 695 (10th Cir. 2017) (unpublished) ("the type of judicial action barred by *Rooker-Feldman* consists of a review of the proceedings already conducted by the lower tribunal to determine whether it reached its result in accordance with law" (internal quotation, alteration, and citation omitted)); *Kline v. Biles*,

7

pg 8 of 13

861 F.3d 1177, 1180 (10th Cir. 2017) (holding that *Rooker-Feldman* applies to "claims actually decided by a state court, and claims inextricably intertwined with a prior state-court judgment" (citation omitted)).  However, "*Rooker-Feldman* does not bar a federal court claim merely because it seeks relief inconsistent with a state court judgment." *Graff*, 65 F.4th at 515.

Defendant's objection relies on the presumption that a probable cause determination at a state court preliminary and veracity hearing, where the plaintiff was ultimately acquitted, is nonetheless a state court judgment to which *Rooker-Feldman*'s jurisdictional bar can apply.  Therefore, the Court first turns to this issue.  In *Clark*, 2023 WL 5012096, at *2, the Tenth Circuit held the plaintiff's malicious prosecution claim was not barred by *Rooker-Feldman* where the state voluntarily dismissed the underlying state criminal case.  The Tenth Circuit held that plaintiff did "not seek to modify or set aside a state-court judgment" and "[t]he state court never entered judgment against him; it dismissed his prosecution." *Id.*  The Tenth Circuit noted that, even though "the state court found probable cause, the orders it entered before dismissing the case do not implicate *Rooker-Feldman*." *Id.*  Therefore, *Clark* supports the proposition that, where a plaintiff is acquitted, there is no judgment that is entered against him, and *Rooker-Feldman* does not apply – even if a plaintiff brings a malicious prosecution claim that appears to implicate a state court's probable cause determination *Cf. PJ ex rel. Jensen v. Wagner,* 603 F.3d 1182, 1193, 1194 (10th Cir. 2010) (applying *Rooker-Feldman* to bar plaintiffs' malicious prosecution claims because they "necessarily invite federal-court undoing of the two adverse state-court orders," wherein the state juvenile court granted

the state custody over plaintiffs' child and the state district court accepted plaintiffs' guilty plea in a criminal proceeding).

Likewise, other circuits have held that *Rooker-Feldman* is not applicable where a plaintiff who brings a malicious prosecution claim was ultimately acquitted. *See Carter v. Ludwick*, 854 F. App'x 107, 108 (8th Cir. 2021) (unpublished) (holding that *Rooker-Feldman* did not apply where plaintiff's claims "arose from the criminal investigation and prosecution of [plaintiff], which culminated in his acquittal"); *Bates v. Harvey*, 518 F.3d 1233, 1241 (11th Cir. 2008) (holding that plaintiff bringing a Fourth Amendment unlawful arrest claim was "not a 'state-court loser'; nor does she complain of an injury caused by a state-court judgment" where plaintiff was acquitted); *see also Session v. Rodriguez*, 370 F. App'x 189, 191–92 (2d Cir. 2010) (unpublished) (where plaintiff's charges were dismissed, plaintiff, in bringing a malicious prosecution claim, "did not invite district court review and rejection of the state court probable cause determination; rather, he invited district court scrutiny of the actions allegedly undertaken by [defendant] in falsely procuring that determination").

Because plaintiff was acquitted, he did not lose in state court and the state court probable cause determination does not constitute a judgment for purposes of *Rooker-Feldman*. Therefore, there is no state-court judgment for the Court to review and reject in this case. *See Clark*, 2023 WL 5012096, at *2 (citing *Webb as next friend of K. S. v. Smith*, 936 F.3d 808, 817 (8th Cir. 2019) (where the state case at issue was voluntarily dismissed, plaintiff's "requested federal relief cannot affect any state-court judgments because there aren't any")).

The Court turns to defendant's argument that *Rooker-Feldman* not only bars "consideration of *issues actually presented to and decided* by a state court, but it also bars consideration of constitutional claims that are 'inextricably intertwined' with issues *ruled* upon by a state court." See Docket No. 84 at 5, ¶ 12. It is true that *Rooker-Feldman* applies "to those federal claims inextricably intertwined with a state court judgment." *See Merrill Lynch*, 363 F.3d at 1075. However, as discussed above, the probable cause determination was not a judgment by a state court for *Rooker-Feldman* purposes and therefore plaintiff's malicious prosecution claim cannot be "inextricably intertwined" in a way that *Rooker-Feldman* imposes a jurisdictional bar.

Defendant further argues that the "State's probable cause determination is inextricably intertwined with the criminal judgment" because "Plaintiff makes the exact same arguments and presents the exact same evidence as in the State Court, as the basis for his claim in this matter." Docket No. 84 at 6. Setting aside that the probable cause determination was not a "criminal judgment," this argument is more properly directed at the doctrine of issue preclusion, rather than *Rooker-Feldman*. "*Rooker-Feldman* does not deprive a federal court of jurisdiction to hear a claim just because it could result in a judgment inconsistent with a state-court judgment," therefore there is "no *jurisdictional* bar to litigating the same dispute on the same facts that led to the state judgment." *Mayotte v. U.S. Bank Nat'l Ass'n for Structured Asset Inv. Loan Tr. Mortg. Pass-Through Certificates, Series 2006-4*, 880 F.3d 1169, 1174 (10th Cir. 2018). Rather, the issue of "inconsistent judgments" is "a problem to be resolved under [the] preclusion doctrine, not *Rooker-Feldman*." *Id.* As the magistrate judge notes, defendant moved to dismiss plaintiff's complaint based upon *Rooker-Feldman* and

10

plaintiff's failure to plausibly allege that defendant's actions lacked probable cause, not issue preclusion.  *See* Docket No. 73 at 2.

Even if defendant did properly raise the argument of issue preclusion, the Court would reject that argument.  Under Tenth Circuit precedent, a party asserting the affirmative defense of issue preclusion must establish four elements:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Blixseth v. Credit Suisse AG,* 129 F. Supp. 3d 1190, 1202 (D. Colo. 2015) (quoting *Moss v. Kopp,* 559 F.3d 1155, 1161 (10th Cir. 2009)).  As the magistrate judge found in a prior order, issue preclusion does not apply, and the Court agrees with this finding. *See* Docket No. 55 at 14-16.  Plaintiff did not have a full and fair opportunity to litigate the probable cause issue because he did not have the opportunity to appeal the state court's probable cause determination upon his acquittal.  *See id.* at 14-15.  Furthermore, "issue preclusion does not apply to the probable cause determination made at Plaintiff's preliminary hearing" because the Colorado Court of Appeals has held that the issue in a preliminary hearing is whether the state had probable cause to believe that the plaintiff committed a crime.  *See id.* at 15.  By contrast, a malicious prosecution claim implicates whether the defendant, rather than the state, had probable cause to believe that the plaintiff committed the crime.  *See id.*[3]  Therefore, the Court finds that *Rooker-Feldman* does not bar plaintiff's claim and it has subject matter jurisdiction.

---

[3] The Court notes that the probable cause issue was addressed at two hearings in state court: the preliminary hearing and veracity hearing.  *See* Docket Nos. 64-1, 64-3 at 1-2.  It appears that defendant primarily argues that the issue of probable cause, as

The Court has reviewed the non-objected to portions of recommendation to satisfy itself that there are "no clear error[s] on the face of the record." *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.  Defendant does not object to the magistrate judge's finding that plaintiff plausibly alleges that defendant lacked probable cause.  *See* Docket No. 73 at 8-9.  The Court finds no clear error in the magistrate judge's recommendation and agrees that plaintiff plausibly alleges a lack of probable cause and therefore dismissal is not warranted pursuant to Fed. R. Civ. P. 12(b)(6).

## IV.  CONCLUSION

---

litigated at the veracity hearing, rather than the preliminary hearing, precludes plaintiff from bringing his malicious prosecution claim.  *See* Docket No. 84 at 3-4, ¶¶ 7-9.  Veracity hearings are "inquiries into the accuracy of statements found in an affidavit supporting a search warrant."  *People v. Flores*, 766 P.2d 114, 118 (Colo. 1988).  At a veracity hearing, the court "must determine whether the affidavit contains erroneous statements and, if so, whether they are the result of 'intentional falsehood or reckless disregard for the truth on the part of the officer-affiant.'"  *People v. Cox*, 429 P.3d 75, 79 (Colo. 2018).  Similarly, to show that defendant acted with malice, as necessary to sustain a malicious prosecution claim, plaintiff must show that defendant "knowingly, or with reckless disregard for the truth, included false statements in an affidavit, or knowingly or recklessly omitted from it information which, if included, would vitiate probable cause."  *Valenzuela v. Coleman*, No. 18-cv-00329-CMA-STV, 2022 WL 2528330, at *3 (D. Colo. July 7, 2022) (alterations and citation omitted).  Therefore, defendant appears to argue that plaintiff's malicious prosecution claim necessarily relitigates the issue of malice that was already decided at the veracity hearing, and therefore issue preclusion applies.  However, the magistrate judge's finding that plaintiff did not have a full and fair opportunity to litigate the issue of probable cause applies in equal force to the issue of malice.  *See* Docket No. 55 at 14-15.  Because plaintiff was acquitted, he was unable to appeal the state court's finding on his veracity challenge and issue preclusion does not apply.

Therefore, it is

**ORDERED** that the Report and Recommendation of United States Magistrate Judge [Docket No. 73] is **ACCEPTED**. It is further

**ORDERED** that Defendant Officer Stephen Desmond's Objection to Magistrate Report and Recommendation Dated December 13, 2024 [Docket No. 84] is **OVERRULED**. It is further

**ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) [Docket No. 64] is **DENIED**.

DATED September 24, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge