## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01897-PAB-NRN

ROBERT LEWANDOWSKI,

     Plaintiff,

v.

OFFICER STEPHEN DESMOND, individually,

     Defendant.

---

## FORTHWITH MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF PRIOR TO THE EXPERT DISCLOSURE DEADLINE AND REQUEST FOR STATUS CONFERENCE

---

Plaintiff's counsel, Spencer J. Kontnik and Matthew L. Fenicle, pursuant to D.C.COLO.R 5(b), respectfully submit this *Forthwith Motion to Withdraw as Counsel for Plaintiff Prior to the Expert Disclosure Deadline and Request for a Status Conference* and in support thereof state as follows:

**<u>Conferral</u>**: Pursuant to D.C.COLO.LAttyR 7.1, undersigned counsel conferred with Defendant's counsel on September 30, 2025, who stated that Defendant does not oppose this Motion. To the best of undersigned's knowledge, Plaintiff objects to undersigned counsel's withdrawal prior to the expert disclosure deadline.

### INTRODUCTION

1.    Undersigned counsel previously determined that the attorney–client relationship had deteriorated to the point that it was no longer feasible. As a result, on September 15, 2025,

undersigned filed a Motion to Withdraw as Plaintiff's counsel on September 15, 2025. [ECF 133].

2.    On September 16, 2025, during a telephone status conference addressing the Motion to Withdraw, undersigned counsel represented to the Court that his firm would work with Plaintiff to meet the expert disclosure deadline. At the time undersigned counsel believed that Plaintiff and undersigned's firm agreed regarding the process for finalizing expert disclosures.

3.    On September 18, 2025, the Court granted the Motion to Withdraw, with the contingency that undersigned assist Plaintiff with meeting the October 10, 2025, affirmative expert disclosure deadline. [ECF 136].

4.    Since the Status Conference and the September 18, 2025, Order, the attorney-client relationship has continued to deteriorate. For example, undersigned is no longer permitted to communicate with any of the retained experts, except for Plaintiff's retained psychologist. Moreover, undersigned is unable to meaningfully confer with Plaintiff, himself, regarding the strategy for expert disclosures, the strategy for pursuing damages, the identity of retained and non-retained experts, and number of the retained expert witnesses. Given undersigned's inability to communicate with the retained experts and the breakdown in communication between undersigned and Plaintiff, undersigned cannot comply with the Court's Order requiring undersigned to assist with the October 10, 2025, expert disclosure deadline.

5.    At this juncture, additional time is needed to complete expert reports; however, except Plaintiff's retained psychologist, it is unclear to undersigned how much additional time is needed.

6.      Given the foregoing, undersigned respectfully requests that this Court immediately GRANT Plaintiff's Motion to Withdraw. Additionally, or alternatively, undersigned requests that this Court set a forthwith status conference so Plaintiff (and the attorneys of record) can address the Court directly regarding the amount of time needed to complete expert disclosures.

<b><u>LAW AND ARGUMENT</u></b>

7.      RPC 1.16 permits withdrawal when a lawyer establishes:

withdrawal can be accomplished without material adverse effect on the interests of the client. *See* Rule 1.16(b)(1);

the client insists on taking action that the lawyer fundamentally disagrees with. Rule 1.16(b)(4); or

the representation has been rendered unreasonably difficult by the client Rule 1.16(b)(6).

8.      **No Prejudice to Plaintiff**: Withdrawal can be accomplished without material adverse effect by simply granting Plaintiff a short extension to complete expert disclosures. A discovery dispute conference has been set, which will allow Plaintiff and Defendant to resolve the outstanding discovery disputes. [ECF 136]; [ECF 140]. There is no prejudice to Plaintiff because, among other issues, undersigned is no longer permitted to communicate with Plaintiff's retained experts, except for the psychologist. Plaintiff has demonstrated he can litigate this case *pro se* and he is in possession of his entire case file. [ECF 138]. Undersigned is unaware if Plaintiff has made any efforts to retain other counsel. To the best of undersigned's knowledge, Plaintiff needs additional time to identify experts without undersigned's involvement.

9.      **Fundamental Disagreements**: Since the Court's September 18, 2025, Order, undersigned is no longer able to contact the retained experts. A fundamental disagreement exists

3

regarding the process for finalizing expert reports, and the nature of the disagreements prevents undersigned counsel from exercising professional judgment and from meeting their obligations as counsel of record.

10.    **Communication Break Down**: Communications with Plaintiff have become even more strained and unworkable, making effective representation unreasonably difficult. Undersigned cannot carry out its obligations as Ordered by the Court when undersigned are unable to communicate effectively with Plaintiff and when undersigned cannot communicate with the retained experts. Despite efforts to address the issues, the problems have persisted.

11.    Although Plaintiff does not consent to withdrawal, client consent is not required where, as here, withdrawal is necessary to comply with counsel's professional and ethical obligations.

<u>CONCLUSION</u>

WHEREFORE, undersigned counsel respectfully requests that the Court GRANT this Motion and permit Spencer J. Kontnik and Matthew L. Fenicle to withdraw as counsel of record for Plaintiff Robert Lewandowski immediately. Undersigned further requests that the Court set a status conference to allow Plaintiff to address the Court directly and grant such further relief as the Court deems appropriate under the circumstances.

Dated: September 30, 2025.

Respectfully submitted,

KONTNIK | COHEN, LLC

*s/ Spencer J. Kontnik*
Spencer J. Kontnik
Matthew L. Fenicle
201 Steele Street, Suite 210

4

Denver, Colorado 80206
Phone: (720) 449-8448
Fax: (720) 223-7273
skontnik@kontnikcohen.com
mfenicle@kontnikcohen.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2025, I electronically filed the foregoing *Forthwith Motion to Withdraw as Counsel for Plaintiff Prior to the Expert Disclosure Deadline and Request for a Status Conference* with the Clerk of the Court using the CM/ECF system. The filing will be served via CM/ECF to the following:

Mark S. Ratner
Hall & Evans
1001 17th Street, Suite 300
Denver, CO 80202
Ratnerm@hallevans.com
*Attorney for Defendant*

The foregoing is also being served on Plaintiff, Mr. Lewandowski, via electronic mail and U.S. Mail at:

Robert Lewandowski
5304 Pony Chase
Austin, Texas 78727
defendingcivilrights@gmail.com

*s/ Kylee R. Dickinson*
Kylee R. Dickinson