IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01897-PAB-NRN

ROBERT LEWANDOWSKI,

Plaintiff,

v.

OFFICER STEPHEN DESMOND, in his individual and official capacity,

Defendants.

---

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR
LEAVE TO AMEND COMPLAINT (ECF No. 188)
and
ORDER ON PLAINTIFF'S MOTIONS FOR SANCTIONS
(ECF Nos. 164, 169, 183, 245, & 256)**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This matter is before the Court on Plaintiff Robert Lewandowski's Motion for

Leave to Amend Complaint ("Motion to Amend"), ECF No. 188, and his motions for

sanctions, ECF Nos. 164, 169, 183, 245, & 256.[1] The Court has reviewed the relevant

briefing and heard argument on January 29, 2026. *See* ECF Nos. 238 (Ct. Min.), 241

(Hr'g Tr.). Having taken judicial notice of the Court's file and considered the applicable

federal and state statutes and case law, the Court makes the following recommendation

and order.

---

[1] Plaintiff's practice of filing numerous "notices" and "supplements" makes the
docket hard to follow. However, the Court has also reviewed his filings at ECF Nos. 171,
232, 250, 253, 254, & 259.

## I.    BACKGROUND[2]

The background of this case has been set forth in several report and recommendations ("R&R") and orders, and the Court will not repeat it here except as necessary.

What is left of this case involves one claim for malicious prosecution against Defendant Stephen Desmond, a City of Longmont ("Longmont") police officer, for allegedly fabricating evidence that led to Plaintiff being arrested and charged with various financial crimes committed against his mother. *See generally* ECF No. 61. Judge Philip A. Brimmer, adopting the undersigned's recommendations, dismissed his failure to train/supervise claim against Longmont on August 27, 2024, *see* ECF No. 56, and did not permit him to amend his complaint a fourth time to add claims against his sister, who allegedly made the false claims to Desmond, *see* ECF No. 131.

Plaintiff, proceeding pro se,[3] again seeks to amend, this time to assert three municipal liability claims against Longmont. *See* ECF No. 188. The new allegations are

---

[2] Any citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

[3] Plaintiff's former counsel was given leave to withdraw in October 2025. *See* ECF No. 158. Because he now proceeds without counsel, the Court will "review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (the court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

related to Plaintiff's sanctions motions and, despite the multitude of filings, are not overly complicated. Plaintiff alleges that Longmont has a two-tiered system for public complaints, where formal complaints are logged into a records management system and informal complaints are maintained separately by Sergeant Eric Lewis, supervisor of the Professional Standards Unit ("PSU"). *See* ECF No. 188-1 ¶¶ 74–75. Plaintiff claims that Sgt. Lewis, without authorization and violation of Longmont policies, purged the informal complaints on April 7, 2025, while discovery was ongoing in this case and a litigation hold was in place. *Id.* ¶ 76–77. He argues that audit logs were also destroyed or deleted and that Desmond's counsel made "sham certifications" about the possession, retention, and destruction of records. Plaintiff contends that this constitutes sanctionable spoliation (against Desmond and non-party Longmont) and is grounds to amend his complaint. Plaintiff also complains in the proposed amended pleading that Longmont assigns civilian employees to serve as "Approving Officers" on police investigative reports and case files. *Id.* ¶¶ 88–89.

## II.    ANALYSIS

### a.  Motion to Amend

#### i.  Legal Standard

Rule 15(a)(2) of the Federal Rules of Civil Procedure states, in relevant part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Leave to amend shall be freely granted when justice so requires. *See, e.g.*, *Bellairs v. Coors Brewing Co.*, 907 F. Supp. 1448, 1459 (D.Colo.1995). "If the

---

A plaintiff's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the court may exercise its discretion to deny a motion to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by previously allowed amendments, or futility of the amendment. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

### ii.  Discussion

As an initial matter, Plaintiff's Motion to Amend does not comply with the Local Rules because Plaintiff did not "attach as an exhibit a copy of the amended pleading which strikes through (e.g., ~~strikes through~~) the text to be deleted and underlines (e.g., <u>underlines</u>) the text to be added." D.C.COLO.LCivR 15.1(b). This alone is a proper basis for denying the motion, especially because an earlier motion to amend was denied on similar grounds. *See* ECF No. 45.

Even if Plaintiff's motion did comply with the Local Rules, and construing the proposed amended pleading liberally, it should still be denied. First, Defendant Desmond would be unduly prejudiced by allowing amendment. "Prejudice to the nonmoving party is the most important factor in considering whether amendment should be permitted." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Id.* at 1208 (quoting *Patton v. Guyer,* 443 F.2d 79, 86 (10th Cir.1971)). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint

4

and raise[s] significant new factual issues," *id*., or when the amended claims would cause "undue difficulty in defending [the] lawsuit because of a change in tactics or theories on the part of the other party," *Crutcher v. Coleman*, No. 01-2048-KHV, 2002 WL 31527339, at *2 (D. Kan. Nov. 8, 2002). This case was filed almost three years ago. Multiple motions to dismiss have been briefed and ruled on and Plaintiff has sought (and been given) leave to amend numerous times. There is currently one claim for relief at issue against Desmond, who has filed an answer. However, due to the pending motions and at Plaintiff's request, *see* ECF Nos. 144 & 155, discovery is currently stayed. Nevertheless, Desmond has been forced to litigate the numerous motions filed by Plaintiff. Desmond is entitled to have the sole claim against him resolved in a reasonably efficient and expeditious manner. That clearly will not happen if Longmont is added back as a party. That this would raise significant new factual issues and substantially alter and expand the case is readily apparent given Plaintiff's habit of filing voluminous and duplicative motions, notices, and supplements, which all require responses from opposing counsel and orders from the Court. As the Court stated in its last R&R recommending that Plaintiff be denied leave to amend:

> The Court notes that Plaintiff filed this lawsuit almost two years ago and has since either amended his pleading or sought leave to do so at least four times. *See* ECF Nos. 1, 25, 43, 61, & 87. There have been two motions to dismiss that have been fully briefed. *See* ECF Nos. 29 & 64. This is the third R&R issued by the Court. Allowing amendment would add a new party and new claims for relief, which would require—in addition another round of motion to dismiss briefing—a new Scheduling Order. This would necessarily further delay these proceedings, adding to the burdens on Defendant Desmond, this Court, and Chief Judge Brimmer. This alone militates against granting leave to amend.

ECF No. 130 at 4–5. This is even more true now. Plaintiff's lawsuit needs to proceed only on the remaining claim in the case: the malicious prosecution claim against Desmond.

Second, Plaintiff's fourth claim regarding ratification is untimely. Plaintiff alleges that Chief Zach Ardis was aware of a detailed complaint Plaintiff made in June 2022 but did not adequately investigate it. There is no reason these allegations could not have been made in Plaintiff's initial complaint. (Although it is doubtful they would be sufficient to state a claim in any event). He should not be permitted to assert them years later.

Third, amendment would be futile. "The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim" under Fed. R. Civ. P. 12(b)(6). *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999). Plaintiff's second claim relating to the April 2025 destruction of the records does not give rise to *Monell* liability because it is not tied to the Desmond's alleged malicious prosecution of Plaintiff. This is discussed in more detail below. Plaintiff's other *Monell* claim for failure to train/supervise is premised on Longmont's alleged policy of having civilian employees serve as "approving officers" on police investigation reports and case files. Plaintiff claims that had a law enforcement officer reviewed Desmond's investigation, he or she would have seen that Desmond was acting illegally and without probable cause. This is a wholly conclusory allegation that fails to state a *Monell* claim for failure to train/supervise, which is the most tenuous and nebulous theory of municipal liability and is governed by the "stringent standard" of deliberate indifference. *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

6

Accordingly, the Court recommends that Plaintiff's Motion to Amend, ECF No.

188, be DENIED.

### b.  Motions for Sanctions

#### i.  Legal Standards

Destruction of evidence, or spoliation, is a discovery offense. *Gates Rubber Co.*

*v. Bando Chem. Indus. Ltd.*, 167 F.R.D. 90, 101 (D. Colo. 1996). To ensure that

discovery as permitted under the Federal Rules of Civil Procedure is not rendered futile,

"litigants have a duty to preserve documents that may be relevant to pending or

imminent litigation." *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D.

614, 620 (D. Colo. 2007). When the alleged spoliation involves electronically stored

information ("ESI"), Rule 37(e) of the Federal Rules of Civil Procedure governs. The

Rule provides:

> If electronically stored information that should have been preserved in the
> anticipation or conduct of litigation is lost because a party failed to take
> reasonable steps to preserve it, and it cannot be restored or replaced
> through additional discovery, the court:
>
> (1)    upon finding prejudice to another party from loss of the information,
>        may order measures no greater than necessary to cure the prejudice;
>        or
>
> (2)    only upon finding that the party acted with the intent to deprive
>        another party of the information's use in the litigation may:
>
>        (A)    presume that the lost information was unfavorable to the
>               party;
>        (B)    instruct the jury that it may or must presume the information
>               was unfavorable to the party; or
>        (C)    dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e). The Tenth Circuit specified that this duty to preserve evidence

arises at the time litigation is "imminent." *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d

1136, 1149 (10th Cir. 2009) (citation omitted). "In determining whether a party's duty to

7

preserve has been triggered, courts evaluate facts such as the likelihood that a certain kind of incident will result in litigation; the knowledge of certain employees about threatened litigation based on their participation in the dispute; or notification received from a potential adversary." *Zbylski v. Douglas Cnty. Sch. Dist.*, 154 F. Supp. 3d 1146, 1163 (D. Colo. 2015). A "party's duty to preserve arises when it has notice that the [evidence] might be relevant to a reasonably-defined future litigation." *Id.*

The "moving party has the burden of proving, by a preponderance of the evidence, that the opposing party failed to preserve evidence or destroyed it." *Id.* at 1160. To decide whether a sanction is appropriate, the Court must "determine whether the missing documents or materials would be relevant to an issue at trial." *Cache La Poudre Feeds*, 244 F.R.D. at 621.

In sum, spoliation sanctions are proper when "(1) a party has a duty to preserve evidence because [it] knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of evidence." *Session v. Romero*, No. 14-cv-02406-PAB-KLM, 2019 WL 156952, at *2 (D. Colo. Jan. 10, 2019), *report and recommendation adopted*, 2019 WL 324777 (D. Colo. Jan. 25, 2019). If the aggrieved party seeks an adverse inference to remedy the spoliation, it also must prove bad faith.[4]

---

[4] The advisory committee note to Rule 37(e)(2) provides the following rationale for the bad-faith requirement:

> Adverse-inference instructions were developed on the premise that a party's intentional loss or destruction of evidence to prevent its use in litigation gives rise to a reasonable inference that the evidence was unfavorable to the party responsible for loss or destruction of the evidence. Negligent or even grossly negligent behavior does not logically support that inference. Information lost through negligence may have been favorable to either party, including the party that lost it, and inferring that it was

"Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case." *Turner v. Public Serv. Co. of Colo.*, 563 F.3d 1136, 1149 (10th Cir. 2009) (citation omitted). "A court has broad discretion to impose spoliation sanctions, and has a substantial weaponry of sanctions within its arsenal to shape the appropriate relief for a party's spoliation of evidence." *Knapp v. Acad. Dist. 20*, No. 17-cv-01389-KLM, 2022 WL 22865380, at *2 (D. Colo. Aug. 30, 2022) (internal citations and quotations omitted).

Accordingly, to obtain sanctions, the moving part must show (1) that the evidence actually existed, and if it did, that it was relevant to an issue at trial; (2) that the non-moving party was under a duty to preserve the evidence; (3) that there was prejudice to the movant from the spoliation of evidence; and, if the moving party seeks an adverse inference as a remedy, they must also prove (4) that the non-moving party acted with bad faith. When deciding on sanctions for the loss of ESI, the Court must also consider whether the lost ESI can be restored or replaced with additional discovery. Fed. R. Civ. P. 37(e)(1).

Plaintiff also seeks terminating sanctions in the form of default judgment. A district court may issue default judgment as a sanction if a party fails to obey an order or to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A)(vi). To determine if such a severe sanction is warranted, courts consider the factors set forth in *Ehrenhaus v. Reynolds*: (1) the degree of actual prejudice to the party seeking discovery; (2) the

---

unfavorable to that party may tip the balance at trial in ways the lost information never would have.

Fed. R. Civ. P. 37 advisory committee note.

amount of interference with the judicial process; (3) the culpability of the resisting party,
(4) whether the court warned the resisting party in advance that dismissal of the action
or default judgment would be a likely sanction, and (5) the efficacy of lesser sanctions.
965 F.2d 916, 921 (10th Cir. 1992); *see also Klein-Becker USA, LLC v. Englert*, 711
F.3d 1153, 1159 (10th Cir. 2013). Default judgment is generally considered a harsh
sanction that should be used only when a party's noncompliance is due to willfulness,
bad faith, or any fault of the disobedient party, not when a party is unable to comply with
a discovery order; however, no wrongful intent need be shown. *Klein-Becker USA*, 711
F.3d at 1159.

### ii. Discussion

As noted above, the crux of Plaintiff's motions for sanctions is Sgt. Lewis's
destruction of records regarding informal complaints on April 7, 2025. The starting point
for any spoliation analysis is whether the evidence actually existed, and if it did, if it was
relevant to an issue at trial. On the first point, Sgt. Lewis has submitted a Declaration
stating that the purged files did not relate to Plaintiff or Desmond and that he has not
purged "any files related to Plaintiff Lewandowski's 2022 calendar year complaint to the
Department regarding Stephen Desmond." ECF No. 266-9 at 2. Plaintiff contests this,
noting that the destruction occurred the same day Desmond responded to Plaintiff's first
set of discovery requests and that Desmond has failed to produce the relevant audit
logs. However, Plaintiff does not state what specific records he believes are missing. He
references the destruction of "Police Use of Force Reports" and "In House Incident
Reports" as a "smoking gun" and "precisely the records proving Desmond's pattern."
ECF No. 237 at 6. But Plaintiff does not allege that any in-house incident occurred or

10

that Desmond used unlawful force on him. Instead, Plaintiff claims that Desmond

contributed to Plaintiff's criminal prosecution for financial crime without probable cause.

Plaintiff offers no persuasive argument that any destroyed files related to a pattern of

this type of behavior. Moreover, it appears undisputed that Plaintiff was provided with a

record of Desmond's disciplinary proceedings in discovery. *See* ECF No. 215 at 8.

Counsel represented on the record that all relevant documents have been disclosed.

*See* ECF No. 241 at 39–40. In short, the Court cannot determine on the evidence

before it that any of the purged files related to Plaintiff or Desmond or are otherwise are

relevant to this case.

Second, the records in question were not in Desmond's custody. "The duty to

preserve relevant evidence must be viewed from the perspective of the party with

control of the evidence . . . ." *Alabama Aircraft Indus., Inc. v. Boeing Co*., 319 F.R.D.

730, 740 (N.D. Ala. 2017), *aff'd*, No. 20-11141, 2022 WL 433457 (11th Cir. Feb. 14,

2022). Thus, "a party only has a duty to preserve evidence within its custody,

possession, or control, as that is the only sort of evidence a party *can* preserve." *AXIS*

*Ins. Co. v. Terry*, No. 2:16-cv-01021-JHE, 2018 WL 9943825, at *6 (N.D. Ala. Apr. 23,

2018). Plaintiff has not met his burden in showing that Desmond had any authority over

Sgt. Lewis or any other Longmont employee who oversaw record retention policies.

Under these circumstances, Desmond had no duty to preserve the records such that

sanctions can be entered against him personally. *See Barnes v. Harling*, 368 F. Supp.

3d 573, 609 (W.D.N.Y. 2019) (noting that the "obligation to preserve is attendant only

upon 'the party having control over the evidence . . . at the time it was destroyed'")

(citations omitted); *Smith v. Norcold, Inc.*, No. 13-10841, 2014 WL 5817258, at *6 (E.D.

Mich. Nov. 10, 2014) (noting that "duty to preserve evidence does not extend to evidence which is not in a litigant's possession or custody and over which the litigant has no control").

As to Longmont, Plaintiff's initial sanctions motions were directed solely to this non-party, *see* ECF Nos. 164, 169, & 183, and Plaintiff had demanded the records through an interminable series of CORA or CCJRA requests, not through a subpoena issued by the Court. *See* ECF No. 215 at 5–6 (citing exhibits from Plaintiff's filings). The Court has no jurisdiction to issue discovery sanctions against Longmont absent a valid subpoena. *See Highland Tank & Mfg. Co. v. PS Intern., Inc.*, 227 F.R.D. 374, 379 (W.D. Pa. 2005) ("Rule 45 is the only discovery method whereby information may be obtained from a nonparty to the suit."); *Cuthbertson v. Excel Indus., Inc.*, 179 F.R.D. 599, 602 (D.Kan.1998) (court lacked jurisdiction over non-party where non-party had not been served with subpoena but instead had appeared voluntarily for deposition); *Gutescu v. Carey Intern., Inc.*, 2003 WL 25589034, *2 (S.D. Fla. June 24, 2003) (court had no jurisdiction to hold non-party in contempt where subpoena with which non-party allegedly failed to comply had been issued improperly). Plaintiff eventually did seek records via a subpoena, but on January 15, 2026, the Court granted Longmont's emergency motion to quash until the Court made a final decision on the question. *See* ECF No. 219. Plaintiff objected to this order. ECF No. 242. Therefore, Longmont has no present duty to respond to Plaintiff's subpoena, and the Court declines to enter any discovery sanctions against this non-party.

Finally, the Court does not find that Plaintiff suffered any prejudice. As stated numerous times, there is only one (temporally and factually discrete) claim at issue in

this case. That claim revolves around whether Desmond made false statements in a February 4, 20219 arrest affidavit that caused Plaintiff's subsequent prosecution. The 2025 destruction of (unrelated) informal complaints has no bearing on whether Plaintiff can prove that Desmond acted maliciously and without probable cause in 2019.

Plaintiff has not met his burden of showing by a preponderance of the evidence that Desmond destroyed real and relevant evidence that he had a duty to preserve. Additionally, even if Plaintiff had established that the evidence allegedly spoliated existed and was relevant to his claim for malicious prosecution, Plaintiff has not established that the Court has jurisdiction to enter discovery sanctions against non-party Longmont. Accordingly, Plaintiff's motions for sanctions are **DENIED**.

III.    **CONCLUSION**

For the reasons set forth above, it is hereby

**RECOMMENDED** that Plaintiff Robert Lewandowski's Motion for Leave to Amend Complaint, ECF No. 188, be **DENIED**. It is further

**ORDERED** that Plaintiff's motions for sanctions, ECF Nos. 164, 169, 183, 245, & 256, are **DENIED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the**

13

recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148–53

(1985), and also waives appellate review of both factual and legal questions.

*Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*,

91 F.3d 1411, 1412–13 (10th Cir. 1996).

Dated at Denver, Colorado this 15th day of May, 2026.

N. Reid Neureiter
United States Magistrate Judge