IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 23-cv-01897-PAB-NRN

ROBERT LEWANDOWSKI,

Plaintiff,

v.

OFFICER STEPHEN DESMOND, individually,

Defendant.

---

**ORDER**

---

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge on Plaintiff's Motion for Leave to Amend Complaint (ECF No. 188) and Order on Plaintiff's Motions for Sanctions (ECF Nos. 146, 169, 183, 245, & 256) [Docket No. 273]. Plaintiff Robert Lewandowski[1] filed objections, Docket No. 280, and defendant Officer Stephen Desmond and Non-Party the City of Longmont ("Longmont") filed a response. Docket No. 287.

## I. BACKGROUND

The background of this case is set forth in the magistrate judge's recommendation, Docket No. 273 at 2-3, and the Court adopts it for purposes of ruling

[1] Because plaintiff is proceeding pro se, the Court construes plaintiff's pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

on the objections. The Court will only discuss the background of this case to the extent it is relevant to ruling on plaintiff's objections.[2]

Plaintiff's remaining claim is a Fourth Amendment malicious prosecution claim pursuant to 42 U.S.C. § 1983. *See* Docket No. 139 at 3, 13. On December 5, 2025, plaintiff filed a motion for leave to amend his complaint. Docket No. 188. Plaintiff requests that he be granted leave to "add *Monell* claims against the City of Longmont based on newly discovered evidence of systemic spoliation and unlawful delegation of police powers." *Id.* at 2. The magistrate judge recommends that plaintiff's motion for leave to amend be denied. Docket No. 273 at 4-7. Plaintiff also filed motions for sanctions based upon this alleged spoliation of evidence. *See* Docket Nos. 164, 169, 183, 245, 256. The magistrate judge denied plaintiff's motions for sanctions. Docket No. 273 at 7-13.

## II. LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.*

The district court reviews a magistrate judge's order on a non-dispositive motion under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed.

[2] The factual background of this case is also set forth in the Court's September 24, 2025 order accepting the magistrate judge's recommendation and denying defendant's motion to dismiss. *See* Docket No. 139 at 2-3.

R. Civ. P. 72(a). Under this standard of review, a magistrate judge's finding should not be rejected merely because the Court would have decided the matter differently. *See Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985). The clearly erroneous standard requires a district court to affirm a magistrate judge's decision unless, "on the entire evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). "Under the 'contrary to law' standard, the reviewing court sets aside the magistrate order only if it applied an incorrect standard or applied the appropriate legal standard incorrectly." *Swan Glob. Invs., LLC v. Young*, No. 18-cv-03124-CMA-NRN, 2019 WL 2171457, at *3 (D. Colo. May 17, 2019) (internal quotations, alterations, and citations omitted).

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of the recommendation to confirm that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or is contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

## III. ANALYSIS

### A. Plaintiff's Motion for Leave to Amend

The magistrate judge recommends that plaintiff's motion for leave to amend the complaint be denied because plaintiff's motion fails to comply with D.C.COLO.L.Civ.R 15.1(b). Docket No. 273 at 4. Pursuant to D.C.COLO.LCivR 15.1(b), "[a] party who files an opposed motion for leave to amend or supplement a pleading shall attach as an exhibit a copy of the proposed amended or supplemental pleading which strikes through (e.g., ~~strikes through~~) the text to be deleted and underlines (e.g., underlines) the text to be added." Plaintiff argues that two filings "cured" his failure to comply with the Local Rules. *See* Docket No. 280 at 10-11 (citing Docket Nos. 192, 245). Docket No. 192 is a "Notice of Errata," wherein plaintiff attached a redlined copy of the complaint. *See* Docket No. 192-1. It appears the redlined complaint complies with the Local Rules. The Court will not consider a failure to comply with Local Rule 15.1 as a basis to deny leave to amend.

The recommendation also finds that, even if plaintiff's motion for leave to amend did comply with the Local Rules, plaintiff's motion should be denied because defendant would be unduly prejudiced by the amendment, plaintiff's motion is untimely, and amendment would be futile. Docket No. 273 at 4-7. Plaintiff objects, arguing that the recommendation errs in finding that plaintiff failed to comply with the Local Rules, that plaintiff's motion is untimely, and that defendant would suffer undue prejudice. Docket No. 280 at 10.

Plaintiff does not object to the recommendation's finding that amendment would be futile. *See id.* at 10-13. Thus, the Court reviews this non-objected to portion of the

recommendation to confirm that there is "no clear error on the face of the record." *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. The Court finds no clear error in the recommendation's finding that plaintiff's proposed *Monell* claims are futile. The Court agrees that plaintiff's *Monell* claims are futile because plaintiff's claim relating to the alleged destruction of records in April 2025 does not relate to plaintiff's malicious prosecution claim against defendant. *See* Docket No. 273 at 6. The Court also agrees that plaintiff's *Monell* claims for failure to train or supervise are based on "wholly conclusory allegation[s]" that fail to plausibly allege a claim for relief. *See id.* at 6. Because amendment would be futile, it is proper to deny plaintiff's motion for leave to amend on this basis alone. *See Morgan v. Partner Colorado Credit Union*, No. 24-cv-02590-PAB-CYC, 2025 WL 2437225, at *1 (D. Colo. Aug. 25, 2025) (denying pro se plaintiff's motion for leave to amend where amendment would be futile) (collecting cases).

Even if plaintiff's proposed amendments were not futile, the Court agrees with the recommendation's finding denying leave to amend is proper because plaintiff unduly delayed in seeking leave to amend and defendant would be unduly prejudiced by the amendment. Plaintiff objects that he did not unduly delay in seeking leave to amend due to the Court's delay in ruling on filings in this case and because defendant "actively concealed" the alleged misconduct that now forms the basis for plaintiff's *Monell* claims. *See* Docket No. 280 at 11-12. The Court finds no basis for plaintiff's argument that any delay in ruling on motions in this case precluded plaintiff from seeking leave to amend. Plaintiff does not explain why the pendency of certain motions prevented him from seeking leave to add his *Monell* claims. As discussed below regarding plaintiff's

motions for sanctions, there is no basis for plaintiff's argument that defendant destroyed or failed to preserve evidence. Therefore, there is no basis for plaintiff's argument that defendant caused plaintiff's delay in discovering the alleged misconduct and plaintiff seeking leave to amend.

Regarding prejudice to defendant, the recommendation finds that defendant is "entitled to have the sole claim against him resolved in a reasonably efficient and expeditious manner," which "clearly will not happen if Longmont is added back as a party." Docket No. 273 at 5. The recommendation finds that the claims proposed by plaintiff "would raise significant new factual issues and substantially alter and expand the case," which is "readily apparent given Plaintiff's habit of filing voluminous and duplicative motions, notices, and supplements." *Id.* Plaintiff does not respond to these findings, instead arguing that the case has been delayed due to "Defense's prolonged obstruction and concealment." *See* Docket No. 280 at 11-12. Undue prejudice "occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006). Here, the amended claims would implicate a different defendant, Longmont, and would raise new, significant factual issues as plaintiff seeks to establish municipal liability. The Court agrees that the undue prejudice to defendant, "the single most important factor in deciding whether to allow leave to amend," supports denial of leave to amend. *See Sony Music Ent. Espana, S.L. v. Moody II LLC*, No. 23-cv-00885-CNS-SBP, 2024 WL 3936664, at *3 (D. Colo. Aug. 25, 2024) (citation omitted).

Plaintiff contends that the recommendation bases its finding of undue prejudice on the fact that “discovery is ‘voluminous’ and near completion,” which is a “clear error of fact.” Docket No. 280 at 12. However, the recommendation does not base its finding of undue prejudice on the status of discovery. The only finding the magistrate judge made regarding discovery is that it is “currently stayed” due to “pending motions and Plaintiff’s request.” Docket No. 273 at 5. Accordingly, the Court will overrule plaintiff’s objection and deny leave to amend.

**B. <u>Plaintiff’s Motion to Strike Defendant’s Response to Plaintiff’s Objections</u>**

Plaintiff moves to strike defendant’s response to plaintiff’s objections on the basis that the response exceeds the page limitations set forth by the Court’s Practice Standards. Docket No. 289 at 2-3. The Court will deny plaintiff’s motion because the Court granted defendant leave to exceed the page limitations. *See* Docket No. 291.

Plaintiff also argues that the Court should strike defendant’s response because it exceeds the proper scope of a response by including an “inflammatory narrative, wholesale incorporation of prior briefing, and broad merits re-argument.” Docket No. 289 at 3-4. Plaintiff contends that defendant’s objection includes “factual and inferential advocacy beyond the proper scope of a response.” *Id.* at 4. The Court finds that defendant’s response is proper. Plaintiff’s objection is based on his contention that defendant destroyed and failed to preserve evidence that is relevant to this case and thus it is proper to grant plaintiff’s motion for leave to amend and to grant his motions for sanctions. *See generally* Docket No. 280. It was proper for defendant to respond to plaintiff’s objection by describing the discovery produced thus far and explain why spoilation has not occurred in this case; it does not constitute improper “rhetorical

attacks." *See* Docket No. 289 at 4-5. Accordingly, the Court will deny plaintiff's motion to strike.

### C. Plaintiff's Objection to the Magistrate Judge's Non-Dispositive Orders

#### *1. Plaintiff's Motions for Sanctions*

Plaintiff's motions for sanctions arise out of the same allegations – Longmont's purported destruction of evidence – that are the basis for plaintiff's proposed amended complaint. As noted in the recommendation, plaintiff alleges that Longmont maintains a two-tiered system for documenting public complaints against law enforcement officers. *See* Docket No. 273 at 3 (citing Docket No. 188-1 at 19, ¶¶ 74-75). Longmont logs formal complaints into a records management system, Guardian Records Management System ("Guardian"), while informal complaints are maintained separately by Sergeant Eric Lewis, who is the supervisor for the Professional Standards Unit ("PSU"). Docket No. 188-1 at 19, ¶ 74. On April 7, 2025, plaintiff claims that Sergeant Lewis "executed a purge of 'informal complaints,'" that was "designed to conceal evidence of the City's failure to investigate and discipline Officer Desmond's pattern of misconduct." *Id.* at 19-20, ¶¶ 76-77.

In denying plaintiff's motions for sanctions, the recommendation finds that plaintiff fails to show that the April 7, 2025 records are relevant to the malicious prosecution claim and fails to identify the specific records he believes are missing. *See* Docket No. 273 at 10-11. The recommendation also finds that plaintiff has "not met his burden in showing that Desmond had any authority over Sgt. Lewis or any other Longmont employee who oversaw record retention policies" and defendant "had no duty to preserve the records such that sanctions cannot be entered against him personally." *Id.*

at 11. Regarding sanctions against Longmont, the recommendation finds that the court "has no jurisdiction to issue discovery sanctions against Longmont absent a valid subpoena." *Id.* at 12. Finally, the recommendation finds that plaintiff has not suffered prejudice because the "2025 destruction of (unrelated) informal complaints has no bearing on whether Plaintiff can prove that Desmond acted maliciously and without probable cause in 2019." *Id*. at 13.

Because a motion for sanctions is a non-dispositive matter, the Court reviews the magistrate judge's order under the "clearly erroneous or contrary to law" standard. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Rasmussen v. Burnett*, No. 24-cv-01727-SKC-KAS, 2025 WL 808364, at *1 n.2 (D. Colo. Mar. 12, 2025) ("Motions for sanctions are generally nondispositive, and therefore governed by Fed. R. Civ. P. 72(a)."). To obtain sanctions, "[a] moving party has the burden of proving, by a preponderance of the evidence, that the opposing party failed to preserve evidence or destroyed it." *Zbylski v. Douglas Cnty. Sch. Dist.*, 154 F. Supp. 3d 1146, 1160 (D. Colo. 2015). "[A] party seeking spoliation sanction[s] must offer some evidence that relevant documents have been destroyed." *Id.* Furthermore, the Court must "determine whether the missing documents or materials would be relevant to an issue at trial." *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 621 (D. Colo. 2007).

Plaintiff argues that the recommendation improperly disregarded the findings of his expert, Aaron T. Olson. *See* Docket No. 280 at 4-6, 19-20. Plaintiff contends that Mr. Olson provides a "granular itemization" of the documents that were purged on April 7, 2025. *Id.* at 5. The Court finds that Mr. Olson does not identify the documents that were allegedly purged, instead opining that "the City of Longmont . . . failed to preserve

relevant evidence in this civil lawsuit" and "[a]ny reported allegations of misconduct before 2020 against Detective Desmond were deleted." Docket No. 169-4 at 8-9, ¶ 4. Mr. Olson provides no basis for his assertion that "relevant evidence" was purged on April 7, 2025. To the extent Mr. Olson's opinion can be read to mean that relevant complaints were purged on April 7, 2025, and plaintiff no longer has means of obtaining those complaints, defendant has represented several times that all complaints regarding defendant have already been provided to plaintiff. *See* Docket No. 183-1 at 4, ¶¶ 10, 11; Docket No. 215-2 at 2-3. Mr. Olson's opinion is further undermined by the fact that he did not review defendant's discovery responses in preparing his findings and therefore has no basis to conclude that complaints against defendant were withheld from plaintiff. *See* Docket No. 169-4 at 4-8. Thus, Court finds that Mr. Olson's report fails to establish, by a preponderance of the evidence, that defendant failed to preserve evidence that is relevant to plaintiff's malicious prosecution claim.

Plaintiff also argues that the recommendation erred by "[t]reating a multi-year, unexplained audit-log gap during active litigation as insignificant, without grappling with how Guardian normally operates." Docket No. 280 at 9. Plaintiff argues that the recommendation "effectively ignor[es] missing audit-log metadata." *Id.* at 23. As evidence of the purported gap in Guardian's audit logs, plaintiff submits various responses from Longmont regarding plaintiff's requests, submitted pursuant to the Colorado Criminal Justice Records Act ("CCJRA"), for the "audit logs" generated by Guardian. *See* Docket Nos. 280-9, 280-13, 280-14. In these responses, Longmont states that the documents requested by plaintiff do not exist and that the substance of plaintiff's requests did not comply with the CCJRA. *See id.* Plaintiff contends that

Longmont's denials of his requests demonstrate that "serious complaints can be routed into an informal track that was vulnerable to the April 7 purge." Docket No. 280 at 9. The evidence submitted by plaintiff does not support this assertion; they merely show that plaintiff's requests did not comply with the CCJRA and Longmont represented it did not have the documents requested. In addition to plaintiff's denied requests, plaintiff also submits a complaint from an unrelated case against Longmont officers. *Id.* (citing Docket No. 280-15). Plaintiff argues that this complaint shows "serious complaints can be logged in Guardian yet effectively buried by declining to investigate them." *Id.* at 10. The Court finds that this complaint, against Longmont officers other than Officer Desmond, has no relevance to plaintiff's malicious prosecution claim here. In sum, plaintiff's submitted evidence does not demonstrate, by a preponderance of the evidence, that defendant failed to preserve or destroyed evidence. *See Zbylski*, 154 F. Supp. 3d at 1160.

Plaintiff argues that the recommendation errs in finding that plaintiff is not prejudiced by the spoliation. Docket No. 280 at 7-8. As stated above, the Court finds that plaintiff has failed to show spoliation. Even if he had, the Court agrees with the recommendation that plaintiff has failed to show prejudice. Plaintiff has failed to carry his burden to show that any complaints against defendant that were subject to the alleged April 7, 2025 purge are related to plaintiff's claim for malicious prosecution. The elements of a malicious prosecution claim are: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained

damages." *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008) (citing *Novitsky v. City of Aurora*, 491 F.3d 1244, 1258 (10th Cir. 2007)). A court may infer malice if a defendant causes the prosecution without arguable probable cause. *Stonecipher v. Valles*, 759 F.3d 1134, 1146 (10th Cir. 2014). Plaintiff fails to explain how complaints, unrelated to defendant's 2019 prosecution of plaintiff, are relevant to any of these elements. Instead, plaintiff contends that the magistrate judge based his finding of prejudice on the fact that discovery is complete, which is contradicted by defense counsel's representation that "[n]o substantive discovery had taken place because of the continued stay and Plaintiff's repeated abusive motion practice." *See* Docket No. 280 at 7; Docket No. 269 at 2. As discussed above regarding plaintiff's motion to amend, nowhere in the recommendation does the magistrate judge "characterize[] discovery as essentially complete" or base his finding on the status of discovery. *See* Docket No. 280 at 7. Even if the magistrate judge had done so, the Court finds that the status of discovery – in light of plaintiff's failure to show that any informal complaints purged on April 7, 2025 are related to this case – is irrelevant to the issue of whether plaintiff would suffer prejudice from the spoliation. In sum, plaintiff has failed to show that, even if complaints against defendant were destroyed on April 7, 2025, such complaints are relevant to plaintiff's claim for malicious prosecution.

Because the magistrate judge's order is not clearly erroneous, the Court will overrule plaintiff's objection and deny plaintiff's motions for sanctions, Docket Nos. 164, 169, 183, 245, 256.[3]

[3] Because the Court finds no clear error in the recommendation's finding that plaintiff has not shown defendant failed to preserve evidence and the relevance of such evidence, plaintiff is not entitled to seek spoliation sanctions. *See Zbylski*, 154 F. Supp.

### 2. *Plaintiff's Motion to Proceed In Forma Pauperis*

On December 18, 2025, the magistrate judge denied plaintiff's motion to proceed in forma pauperis ("IFP") for the purpose of issuing subpoenas. *See* Docket No. 200. The magistrate judge found that plaintiff failed to meet his burden to provide his entitlement to IFP relief by a preponderance by the evidence. *Id.* at 2. The magistrate judge based his finding on the fact that plaintiff has more than $200,000 available in retirement accounts, has a home worth more than $700,000, and owns two BMW automobiles. *Id.* at 2. The magistrate judge also noted that, "when this case was originally filed, Mr. Lewandowski paid the full filing fee of $402.00 and did not seek IFP status." *Id.*

Plaintiff objects, arguing that his home is fully exempt from seizure under Texas homestead law and his "IRA funds ($200k+) incur taxes under 26 U.S.C. § 72(t) rendering them unavailable without impoverishing Plaintiff's retirement security – a core necessity." Docket No. 210 at 2. Plaintiff contends that, while he was able to pay the filing fee, his "current cash flow cannot cover ~$3000+ in USMS subpoenas . . . without

---

3d at 1160. Accordingly, the Court will not address plaintiff's remaining objections regarding the denial of his motions for sanctions, including plaintiff's objections to the recommendation's findings that defendant does not have custody over the records at issue and that Longmont is a non-party that the Court does not have jurisdiction to issue sanctions against. *See* Docket No. 280 at 13-19. Furthermore, the Court will overrule plaintiff's objection arguing that he is entitled to a "focused evidentiary hearing to test the credibility of the spoliator's lay declaration and the technical explanations, if any, against Olson's forensic analysis." *See* Docket No. 280 at 23. The magistrate judge did hold a hearing on the motions for sanctions. *See* Docket No. 238. Moreover, "the decision whether to hold an oral hearing is left to the sound discretion of the district court." *See Bolin v. Chavez*, 24 F. App'x 936, 940 (10th Cir. 2001) (unpublished); *see also Bloomquist v. Utah Third Jud. Dist. Ct.*, 2016 WL 5905702, at *2 (D. Utah Oct. 11, 2016) (holding that "the Magistrate Judge's denial of Plaintiff's motions for hearing was not clearly erroneous or contrary to law") (citing *Bolin*, 24 F. App'x at 940) (footnote omitted).

sacrificing food, utilities, housing, or medical needs." *Id.* Plaintiff also states that he "inadvertently did not include the $11,800 in Real Estate Taxes for Plaintiff's homestead that is due by January 31, 2026 and the [a]pproximately $6000 in taxes for the [r]etirement withdrawals due April 15, 2026." *Id.* Thus, plaintiff contends that his "total debt and payables balance is approximately $63,000." *Id.* at 2-3.

The Court reviews plaintiff's objection de novo. *See Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (holding that an order denying IFP status is a dispositive order). Under § 1915(a), a court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a); *see Lister,* 408 F.3d at 1312 ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners."). The magistrate judge properly considered the value of plaintiff's assets, namely, his home and vehicles, in determining whether to grant IFP status. The fact that plaintiff claims to have a negative cash flow is not dispositive. *See Smith v. Okla. Att'y Gen.'s Off.*, 2026 WL 252423, at *3 (10th Cir. Jan. 30, 2026) ("because § 1915 requires an assessment of 'assets,' not just income, [plaintiff's] assertions that he has either no income or only inconsistent income are not determinative of whether the district court should have allowed him to proceed IFP"). Plaintiff asserts that his sole source of income is withdrawals from his retirement account, for which he pays federal income tax, and that he does not have enough funds "for litigation costs." Docket No. 180 at 1-2, ¶ 2. However, plaintiff provides no support for the assertion that he is unable to pay the cost

of issuing subpoenas from his $209,088 retirement account without sacrificing "essential living expenses." *See id.* According to plaintiff's financial affidavit, his monthly expenses total $1,159, which includes groceries, utilities, transportation, and insurance, plus property taxes. *See* Docket No. 180-1. The Court is not persuaded that the additional cost of issuing subpoenas would preclude plaintiff from paying his monthly expenses, given the amount that he has in his retirement account and the value of his other assets, such as his two cars. The fact that some of plaintiff's assets are allegedly non-liquid does not alter the Court's analysis. *See Ngwa v. Minn. Dep't of Hum. Servs.*, 2018 WL 11471809, at *1 (D. Minn. Nov. 6, 2018) (denying IFP status where plaintiffs had "over $238,000 in nonliquid assets"); *Clark v. Maikis*, 2024 WL 5701776, at *1 (M.D. Tenn. Sept. 3, 2024) (denying IFP status based on "Plaintiff's report of apparently significant assets (liquid and non-liquid) versus zero expenses other than a large, unexplained monthly support obligation"). Accordingly, the Court will overrule plaintiff's objection and deny his motion to proceed IFP.

***3. Longmont's Motion for an Emergency Protective Order and Motion to Quash***

On January 13, 2026, Longmont filed a motion for a protective order and to quash a subpoena issued by plaintiff, indicating that on January 13, 2026, Longmont's counsel received an email from counsel for Guardian Tracking, LLC ("Guardian Tracking") that attached a copy of a subpoena it received from plaintiff for this case. *See* Docket No. 211 at 2. Through the subpoena, plaintiff requests Guardian Tracking's data for the Guardian account linked to Longmont. *See* Docket No. 211-1 at 1. Plaintiff states that he has "reason to believe critical spoliation of evidence occurred on April 7, 2025" and requested Guardian Tracking to "preserve and produce all server logs, API

calls, and transactions logs (WAL) for this specific date without redaction." *Id.* At the time of filing its motion, Longmont stated that its counsel "has not had an opportunity to review or address objections to the subpoena" because Guardian Tracking had not yet gathered the materials relevant to the subpoena. *See* Docket No. 211 at 2. Plaintiff also served a subpoena on AXON Corporation, but "no identification for any records from AXON Corporation has ever been provided by pro se Plaintiff." *Id.* Longmont requested "entry of a protective order precluding production of information for both subpoenas until such time as (1) undersigned Counsel can review the documentation, and; (2) the Court can determine a motion to quash." *Id.* at 3.

On January 15, 2026, the magistrate judge entered a protective order, finding "[g]ood cause having been shown, no party is required to make any disclosures in response to the subject subpoenas until such time that the Court can make a final determination on the Motion to Quash." Docket No. 219. The Court stated that it would "hear argument on the City's Motion to Quash at the upcoming hearing on January 29, 2026." *Id.* On January 29, 2026, the magistrate judge heard argument regarding the then-pending motions. *See* Docket No. 238. On February 6, 2026, plaintiff filed a motion asking that the protective order be lifted and that a final order be issued regarding Longmont's motion to quash. Docket No. 239 at 3. On May 15, 2026, the magistrate judge denied plaintiff's motion, noting that, in the his recommendation on the motions for sanctions, he found that "the materials sought by Plaintiff fall outside the

scope of this litigation, which involves a single claim for malicious prosecution." Docket No. 275 at 1.[4]

Plaintiff objects to the magistrate judge's January 15, 2026 order granting Longmont's motion for a protective order and the May 15, 2026 order denying plaintiff's motion to lift the protective order. *See generally* Docket Nos. 228, 242; Docket No. 280 at 24-26. Given that the magistrate judge has not yet issued a ruling on Longmont's motion to quash, the Court will only consider plaintiff's arguments that are directed at the protective order.[5] Plaintiff's objections regarding the protective order are the same arguments as those raised regarding his motions for sanctions. Specifically, plaintiff argues that Longmont destroyed evidence on April 7, 2025 and that issuance of the protective order is preventing plaintiff from retrieving that evidence through the subpoenas. *See* Docket No. 228 at 4-9; Docket No. 242 at 4-5; Docket No. 280 at 24-26. As discussed above regarding plaintiff's motions for sanctions, plaintiff has failed to carry his burden to show, by a preponderance of the evidence, that spoilation has occurred. Furthermore, plaintiff has failed to show that the materials he seeks, through the motions for sanctions and subpoenas, are relevant to this case. Thus, the Court

[4] In the May 15, 2026 minute order, the magistrate judge also warned plaintiff that, "although he may file an objection to the Recommendation and Order referenced above, any additional motions, notices, supplements, or filings relating to the issues addressed in the Recommendation and Order will be summarily denied and/or stricken. Continued duplicative filings on these issues will be considered abusive and may subject Plaintiff to sanctions." Docket No. 275 at 1. Plaintiff objects, arguing that this filing restriction is "[o]verbroad" and has a "practical chilling effect." Docket No. 280 at 25-26. Because plaintiff has not had any of his filings stricken or been subject to any sanctions, the Court finds plaintiff's objection speculative and will overrule the objection.

[5] For instance, the Court will not consider plaintiff's argument that quashing the subpoenas is not proper pursuant to Fed. R. Civ. P. 45(d)(3). *See* Docket No. 242 at 3-4

finds that the magistrate judge did not clearly err in issuing the protective order that provided no party is required to respond to plaintiff's subpoenas until the motion to quash is ruled on. Plaintiff also objects on the basis that the magistrate judge has not yet issued a ruling on Longmont's motion to quash. *See, e.g.*, Docket No. 242 at 3. The fact that the magistrate judge has not yet issued his ruling, however, does not demonstrate clear error. *See Tomson v. The Weitz Co., LLC*, 2008 WL 4567259, at *1 (D. Kan. Oct. 10, 2008) ("Magistrate judges have broad discretion to manage the pretrial docket and control discovery."). Accordingly, the Court will overrule plaintiff's objections to the issuance of the protective order.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that the Report and Recommendation of United States Magistrate Judge on Plaintiff's Motion for Leave to Amend Complaint (ECF No. 188) and Order on Plaintiff's Motions for Sanctions (ECF Nos. 146, 169, 183, 245, & 256) [Docket No. 273] is **ACCEPTED**. It is further

**ORDERED** that Plaintiff's Combined Objections to ECF 273 and Recommendation, ECF 274 Order Denying Sanctions, and ECF 275 Minute Order [Docket No. 280] are **OVERRULED**. It is further

**ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint [Docket No. 188] is **DENIED**. It is further

**ORDERED** that Plaintiff's Objections to ECF No. 200 Under Fed. R. Civ. P. 72(a) [Docket No. 210] are **OVERRULED.** It is further

**ORDERED** that Plaintiff's Objection to Minute Order (ECF 219) Granting City of Longmont's Emergency Motion for Protective Order/Motion to Quash (ECF 211) (FRCP 72(a)) [Docket No. 228] is **OVERRULED**. It is further

**ORDERED** that Plaintiff's Objections to Magistrate Judge's Orders (ECF 219 & 238) Under Fed. R. Civ. P. 72(a) [Docket No. 242] are **OVERRULED**. It is further

**ORDERED** that Plaintiff's Motion to Strike ECF 287, or in the Alternative Disregard Improper Portions [Docket No. 289] is **DENIED**.

DATED August 19, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge